IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL NO. |
| | : | Grand Jury Original |
| v. | : | VIOLATIONS: |
| | : | Mail Fraud |
| REGINALD JEROME ROGERS, | : | (18 U.S.C. §1341) |
| | : | Causing an Act to Be Done |
| Defendant. | : | (18 U.S.C. §2) |
| | : | Criminal Forfeiture |
| | : | (18 U.S.C. §982) |

**INDICTMENT**

The Grand Jury Charges that:

**COUNTS ONE THROUGH THIRTEEN**
**(Mail Fraud)**

INTRODUCTORY ALLEGATIONS

At times material herein:

1. Defendant REGINALD JEROME ROGERS hereinafter referred to as "REGINALD JEROME ROGERS" or "ROGERS" did business as an attorney licensed to practice law in the District of Columbia (Bar No. 440390) at P.O. Box 77741, Washington, D.C. 20013-8741 and from his home at XXXXX Xxxxx Xxxxx, Bowie, Maryland 20720-4430.  As part of his business

activities, ROGERS would handle the financial affairs of elderly individuals ("clients") and their estates in the Washington, D.C. metropolitan area. As a licensed attorney, ROGERS had certain fiduciary duties to his clients. As a result of these legally imposed duties, ROGERS, among other things, could not: (a) engage in any transaction resulting in his acquiring any ownership and possessory interest adverse to a client, unless the transaction was fair and reasonable to the client and was fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client; (b) intentionally prejudice or damage a client during the course of the representation; (c) engage in conduct involving deceit, fraud, misrepresentation or dishonesty; (d) fail to preserve the identity of client funds entrusted to his possession in the course of a legal representation and keep such funds safely in a trust or escrow account; (e) fail to keep complete records of his transactions involving assets entrusted to him by his clients; (f) fail to keep a client or clients reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and (g) fail to communicate, in writing, the rate or basis of any fee before or within a reasonable time after commencing the representation.

2. Individuals known to the grand jury are referred to below by their initials as follows: HMG, MB, DL, JW, WW, AG, the Estate of MB, and the Estate of JH.

                           SCHEME TO DEFRAUD

3. From in or about 1998 through the present, in the District of Columbia and elsewhere, defendant REGINALD JEROME ROGERS, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## PURPOSE OF THE SCHEME

4. The purpose of the scheme and artifice was for defendant REGINALD JEROME ROGERS to fraudulently obtain moneys, funds and property from clients and their estates for his own use and benefit and to further the scheme by various means, including omissions of material fact, false material pretenses, representations and promises that ROGERS would act as the clients' representative for payment of their personal expenses and would preserve their retirement savings from loss.

## MANNER AND MEANS

5. It was part of the scheme and artifice that defendant REGINALD JEROME ROGERS obtained control over the financial affairs of clients by having them sign documents entitled "general power of attorney," "durable power of attorney" and "living trust."

6. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS, through various misrepresentations and omission of material facts, induced clients to turn over control of their moneys, funds and property, including savings bonds, bank accounts and checkbooks. Thereafter, without the knowledge and approval of the clients, ROGERS used clients' moneys, funds and property to pay his personal expenses, including, among other things, telephone bills, credit card bills, consumer products, property purchases, automobile payments and college expenses.

7. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS caused bank statements and other documents relating to clients to be sent to addresses that he controlled, in order to conceal his diversions and unauthorized use of the clients' moneys, funds

and property.

8. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS routinely made large cash withdrawals from clients' accounts.

9. It was further part of the scheme and artifice to defraud that defendant REGINALD JEROME ROGERS, through various misrepresentations and omission of material facts, led clients to believe either that they were not being charged a fee or being charged a nominal fee for his services, when in truth and in fact, as ROGERS then knew, a substantial portion of the clients' moneys, funds and property were being diverted for ROGER'S personal expenses.

10. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS transferred funds between and among the accounts of his clients and their estates in order to conceal his diversions and unauthorized use of their moneys, funds and property.

11. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS disregarded his above-stated fiduciary duties by failing to disclose material information to his clients regarding his financial dealings with them.

12. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS obtained a loan for over $125,000 in the name of client MB and secured by MB's personal residence and used a portion of the loan proceeds to conceal diversions of funds from other clients.

13. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS refused to provide information concerning the estate of MB to an heir of the estate.

14. It was further part of the scheme and artifice that defendant REGINALD JEROME

ROGERS falsely represented to client DL that a deficiency in her bank account was due to the bank's error, when in truth and in fact, the deficiency was due to funds withdrawn by ROGERS to pay his personal expenses and to conceal diversions of funds from other clients.

15. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS made false representations to and omitted material facts from client HMG and her relatives, by asserting that the total remaining savings of HMG was low because she spent it, when in truth and in fact, as ROGERS then knew, he had used a large portion of the savings for his personal expenses and to conceal diversions of funds from other clients.

16. It was further part of the scheme and artifice that, after being contacted by family members for client HMG regarding the status of HMG's finances, defendant REGINALD JEROME ROGERS withdrew essentially all remaining funds from HMG's bank accounts and thereafter refused to return said funds to HMG, causing further economic harm to HMG.

17. It was further part of the scheme and artifice that defendant REGINALD JEROME ROGERS falsely represented to HMG's relatives that he would produce to them HMG's financial records and remaining savings bonds, and thereafter failed and refused to produce such records and bonds, causing further economic harm to HMG.

18. It was further part of the scheme and artifice to defraud that in order to lull and falsely reassure client HMG and her relatives, defendant REGINALD JEROME ROGERS presented AG, sister of client HMG, with a check for $1,000 and a letter falsely representing that HMG's known expenses would be paid.

19. It was further part of the scheme and artifice that defendant REGINALD JEROME

ROGERS caused to be prepared and filed with the Orphan's Court for Prince George's County, Maryland, accounts of the Personal Representative for the estate of JH, which accounts contained false expense totals that did not reflect amounts fraudulently diverted by ROGERS for his personal benefit and to conceal diversions of client funds.

20. On or about the dates listed for each count below, in the District of Columbia and elsewhere, defendant REGINALD JEROME ROGERS, for the purpose of executing the above-described scheme and artifice and attempting to do so, knowingly caused to be delivered by the United States Postal Service and by private and commercial interstate carrier according to the directions thereon, the matters and things listed below:

| Count | Approx. Date | Item |
| --- | --- | --- |
| One | 8/17/01 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Two | 9/19/01 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Three | 10/19/01 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Four | 11/20/01 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Five | 12/18/01 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |

| Six | 1/18/02 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
|---|---|---|
| Seven | 2/19/02 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Eight | 3/19/02 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Nine | 4/18/02 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Ten | 5/20/02 | SunTrust monthly account statement for HMG account (no.----2555) to Reginald J. Rogers P/A, PO Box 77741, Washington DC 20013-8741. |
| Eleven | 2/13/03 | First Union monthly consolidated account statement for DL (nos. ----6024 and ---- 9845) to DL, POA Reginald J. Rogers, 4201 Butterworth Place, N.W., Washington DC 20016. |
| Twelve | 3/26/03 | Check No. 25199 for $230.00, re: MB property, from Century Title & Escrow Corporation, 17 West Jefferson Street, Rockville, MD 20850 to Executive Abstracting Company, 833 3rd Street, N.E., Washington, D.C. 20002. |
| Thirteen | 11/17/03 | Letter and check from Reginald J. Rogers, Attorney at Law, to AG, c/o HMG, 2224 R Street, N.E., Washington, DC 20002. |

**(Mail Fraud and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1341 and 2.)**

### FORFEITURE ALLEGATION

1.   The violations alleged in Counts One through Thirteen of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America

7

pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

    2.    As a result of the violations alleged in Counts One through Thirteen of this Indictment, the defendant in this Indictment shall forfeit to the United States any property, real or personal, involved in such violations, or any property traceable to such property as well as any property, real or personal, which constitutes or is derived from proceeds traceable to such violations including, but not limited to:

> Money Judgment
>
> > $513,928 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of mail fraud in violation of 18 U.S.C. §§1341, for which the defendant is jointly and severally liable.

By virtue of the commission of the felony offenses charged in Counts One through Thirteen of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 982(a)(2)(A))**.

A TRUE BILL.


FOREPERSON



ATTORNEY FOR THE UNITED STATES
AND FOR THE DISTRICT OF COLUMBIA

_____