# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 05-292 (RWR)** |
| | : | |
| **v.** | : | |
| | : | |
| **REGINALD JEROME ROGERS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION FOR
## INTRODUCTION OF EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves for an Order permitting the introduction of evidence concerning Informal Admonitions and other proceedings involving the defendant with the District of Columbia Office of Bar Counsel.

## BACKGROUND

A federal grand jury has indicted the defendant Reginald Jerome Rogers for thirteen counts of mail fraud in violation of Title 18, United States Code, Section 1341.  The indictment also seeks criminal forfeiture of $513,928 representing proceeds of the alleged scheme.  The indictment alleges that from 1998 through August 4, 2005, among other things, the defendant: 1) obtained control over elderly clients' assets and thereafter used the assets to pay his personal expenses;  2) transferred funds between the clients' accounts to conceal his diversions; 3) concealed his scheme by making false statements to clients' regarding the status of their funds and property; and 4) disregarded various fiduciary duties by failing to disclose material information to his clients regarding his financial dealings with them.

During the time frame of the alleged scheme, the defendant received two Informal Admonition letters from the District of Columbia Office of Bar Counsel.  The first such letter,

issued on September 17, 2002, admonished the defendant for his failure to communicate in writing to his client Pamela Murphy the basis or rate of fee before or within a reasonable time after commencing the representation. The second admonition letter, issued on August 28, 2003, found, among other things, that the defendant seriously interfered with the administration of justice in a probate proceeding by failing to honor a court order directing him to do a final accounting in the Estate of Jessie B. Mason.

On or about November 19, 2003, the District of Columbia Bar Counsel initiated a disciplinary inquiry concerning the defendant relating to an October 21, 2003 compliant by Hattie Mae Goode (one of the victims referenced in the indictment) that the defendant had converted her property to his own use and otherwise violated his fiduciary obligations.  Following an evidentiary hearing before a hearing committee conducted on May 26, 2004, the District of Columbia Court of Appeals Board on Professional Responsibility issued a Report and Recommendation that the defendant be disbarred because of various violations of the Rules of Professional Conduct.

In all of these proceedings, the defendant was found to have violated specific provisions of the District of Columbia Rules of Professional Conduct.  He was specifically put on notice about the requirements of these Rules and that his conduct did not meet the requirements. Despite this notice, the defendant continued with his scheme as charged in the indictment.

### Legal Analysis

In the present case, the indictment charges as part of the scheme that the defendant disregarded his fiduciary duties by failing to disclose material information to his clients regarding his financial dealings with them.  Indictment, para. 11.  Evidence of specific notice to the

2

defendant of his fiduciary duties, in the form of Admonition letters, a disciplinary inquiry, a

disciplinary hearing and a Report and Recommendation that he be disbarred, is "inextricably

intertwined" with the charged crime and is admissible for all purposes.  See, United States v.

Bowie, 232 F.3d 923, 927-29 (D.C. Cir. 2000).   Alternatively, this evidence is admissible

pursuant to Rule 404(b) of the Federal Rules of Evidence.  Evidence of other crimes, wrongs or

acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose such as proof of

intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United

States v. Miller,  895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990).

"[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose

so long as the evidence is not offered solely to prove bad character." Id.  In determining whether

such evidence is admissible, the Court undertakes a two part analysis. First, the Court considers

whether the evidence is "probative of some material issue other than character." United States v.

Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994).   If the Court deems the evidence to be relevant, the

Court should exclude the evidence only if its probative value "is substantially outweighed by the

danger of unfair prejudice." Fed. R. Evid. 403; United States v. Day, 591 F.2d 861, 878 (D.C.

Cir. 1978); see also Huddleston v. United States, 485 U.S. 681, 686 (1988). This rule is one "of

inclusion rather than exclusion," Bowie, 232 F.3d at 929.  Rule 404(b) excludes only evidence

that "is offered for the sole purpose of proving that a person's actions conformed to his or her

character," United States v. Long, 328 F.3d 655, 661 (D.C. Cir.), cert. denied, 540 U.S. 1075

(2003).

       In the present case, evidence of the Admonition letters, disciplinary inquiry, disciplinary

hearing and  Report and Recommendation all are proof of intent, knowledge and lack of mistake

3

or accident.   For these reasons, the government respectfully requests permission to introduce evidence of these matters as "other acts evidence."

## CONCLUSION

The government hereby respectfully requests that it be permitted to introduce at trial evidence of Admonition letters, the disciplinary inquiry, the disciplinary hearing and  Report and Recommendation referenced in this motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia

By:    _____

JOHN GRIFFITH
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2453

_____ CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2005, that a copy of the foregoing Notice was served by first-class mail and fax to:

Tony L. Axam
Assistant Federal Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC 20004
(202) 208-7515

_____

John Griffith
Assistant U.S. Attorney
Fraud/Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2453

4