# OFFICE OF BAR COUNSEL

September 17, 2002

Reginald J. Rogers, Esquire
Post Office Box 46
Bowie, MD 20719

                  Re:    <u>Rogers/Murray; Bar Docket No. 147-02</u>

Dear Mr. Rogers:

      This office has completed its investigation of the above-referenced matter. We find that your conduct reflected a disregard of certain ethical standards under the District of Columbia Rules of Professional Conduct (the "Rules"). We are, therefore, issuing you this Informal Admonition pursuant to Rule XI, Sections 3, 6, and 8 of the District of Columbia Court of Appeals' Rules Governing the Bar.

      We docketed this matter for investigation on April 11, 2002, based on a disciplinary complaint filed by Pamela A. Murray. We forwarded a copy of her complaint to you for your review and response on April 12, 2002. Your response was received on April 16, 2002.

      In her disciplinary complaint, Ms. Murray asserts that in March 1999, you agreed to represent her on a contingent-fee basis in an employment dispute with her former employer. She states that you succeeded in getting her unemployment benefits reinstated in March 2000, but that since that time you have failed to communicate with her. Specifically, she states that you do not return her telephone calls or respond to written requests to discuss the status of her case. Ms. Murray states that she was anxious to speak with you because she was concerned about the then-approaching statute of limitations.

      You deny any wrongdoing. You state you "have not been retained by [Ms.] Murray to handle her case." You report that you previously had "handled a matter for her *pro bono* arising out of her employment matter, but [you] made it clear to M[]s. Murray that to go forward with her claim against her previous employer would require a substantial retainer." You assert that you did not provide a retainer agreement to Ms. Murray "because [she] was never in a position to retain [you]." Finally, you do not address Ms. Murray's statements that you failed to respond to her telephone calls or correspondence but state that you found it difficult to communicate with Ms. Murray because she lacked a permanent address.

      We find that your conduct violated Rule 1.5(b), which provides that "when a lawyer has not regularly represented [a] client, the basis or rate of the fee shall be communicated to the client in writing, before or within a

Serving the District
of Columbia Court
of Appeals and its Board
on Professional
Responsibility

yce E. Peters
r Counsel

allace E. Shipp, Jr.
puty Bar Counsel

tior Assistant Bar Counsel
abeth A. Herman
a L. Porter

istr... Bar Counsel
     Bowman
        er
       rton
     L. Kello
n T. Rooney
Clay Smith, III
i M. Tait

BAR

515 Fifth Street NW, Building A, Room 127, Washington, DC 20001 ■ 202-638-1501, FAX 202-638-0...

Reginald J. Rogers
Rogers/Murray; Bar Docket No. 147-02
Page 2

reasonable time after commencing the representation." The Rule requires a written retainer agreement for all clients, including those being represented on a *pro bono* basis. There are policy reasons for a written representation agreement for all new clients. Principally, "[a] written statement concerning the fee, required to be furnished in advance in most cases by paragraph (b), reduces the possibility of misunderstanding," just such as occurred here. Comment 2 to Rule 1.5. Had you provided Ms. Murray a representation agreement, then the basis on which you were handling her matter – whether *pro bono* or contingent-fee – would have been clearly established. Your failure to provide a written retainer agreement to Ms. Murray violates Rule 1.5(b).

We do not find clear and convincing evidence in support of the balance of Ms. Murray's allegations.

This letter constitutes an Informal Admonition pursuant to Rule XI, §§ 3, 6, and 8 of the Rules of the District of Columbia Court of Appeals Governing the Bar. Please refer to the attachment to this letter of Informal Admonition for a statement of its effect and your right to have it vacated and have a formal hearing before a Hearing Committee. Such a hearing could result in a recommendation to dismiss the charges against you or a recommendation for a finding of culpability, in which case the sanction recommended by the Hearing Committee is not limited to an Informal Admonition.

This Informal Admonition will become public 14 days from the above date, if you do not request a hearing. If you wish to have a formal hearing, you must submit a request in writing to the Office of Bar Counsel, 515 Fifth Street, NW, Building A, Room 127, Washington, D.C. 20001, with a copy to the Board on Professional Responsibility, within 14 days of the date of this letter, unless Bar Counsel grants an extension.

Sincerely,

Joyce E. Peters
Bar Counsel

Encl.: Attachment to Letter of
       Informal Admonition

Sent Via Process Server

JEP:TMT:RLH:tsm

147-02 infad2-rtn