# OFFICE OF BAR COUNSEL

August 28, 2003

Reginald J. Rogers, Esquire
Post Office Box 46
Bowie, Maryland 20719

       Re: <u>In re Rogers; Docket No. 170-00</u>

Dear Mr. Rogers:

  This office has completed its investigation of the above-referenced matter. We find that your conduct reflected a disregard of certain ethical standards under the District of Columbia Rules of Professional Conduct (the Rules). We are, therefore, issuing you this Informal Admonition pursuant to Rule XI, Sections 3, 6, and 8 of the District of Columbia Court of Appeals' Rules Governing the Bar.

## The Complaint

  We docketed this matter for investigation following an order from the Superior Court of the District of Columbia, Probate Division removing you as co-trustee of the testamentary trust for the benefit of the adult daughter of Jessie B. Mason, for whose estate you were serving as co-personal representative. In the order, dated April 12, 2000, the Superior Court found that you (1) failed to comply with a previous order directing you and your co-trustee to file an accounting by October 21, 1999; (2) failed to appear at a show cause hearing; and that "[o]ne of the key allegations against [you]" is that you wasted the estate's assets.

## Your Response

  You deny that you engaged in unethical conduct with respect to the estate or the testamentary trust. You assert that you were removed as co-trustee, in essence, because you had misread the date of the court's notice to appear and because your successor gave an overblown version of events relating to your handling of the estate. You state that you pursued your obligation to the estate with diligence and zeal to the best of your ability, but that your efforts were hampered by your co-personal representative, the decedent's sister, who, you contend, prevented you from completing an inventory or preparing an accounting of the decedent's estate because she was thoroughly uncooperative.

  You assert that you and the co-personal representative had agreed to divide duties in administering the estate, but that she failed to follow through, for example on the sale of one of the decedent's several properties in the

erving the District
f Columbia Court
f Appeals and its Board
n Professional
esponsibility

/ce E. Peters
r Counsel

illace E. Shipp, Jr.
buty Bar Counsel

ior Assistant Bar Counsel
abeth A. Herman
a L. Porter

 ir Counsel
 Bowman
s T. Dicker
ith Hetherton
herine L. Kello
n T. Rooney
Clay Smith, III
i M. Tait



Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 2

District of Columbia. You assert that the decedent had seven other parcels of real estate located in both the District of Columbia and Maryland which "had special features/problems that mitigated against [their] being placed on the market in 'as-is' condition with the expectation of yielding full market values." You state that the co-representative obstructed your efforts to dispose of the properties in a manner that would maximize the estate's assets.

You further state that you did not waste the estate's resources but that you "paid the estate's just debts with the money that was available" and the you "went out-of-pocket and paid the principal debts of the estate: mortgages, the insurance on [one of the properties in the estate] and other debts of the estate." You state that you "advanced" the estate in excess of $6,000 from your personal funds "to keep things going, all the while continuing to try and sell properties with an u[n]reasonable co-personal representative."

## Our Investigation

As part of our investigation, we reviewed your submissions and the probate file of the Estate of Jessie B. Mason, interviewed third party witnesses, and consulted both an accountant and a probate expert, both of whom reviewed Bar Counsel's office file and documents from the court record in this matter. We find as follows. In October 1997, you and your co-personal representative were appointed by the Probate Division of the Superior Court pursuant to Jessie Mason's will. The co-personal representative was the decedent's sister, not an attorney; and according to the personal representative who replaced you, she resided outside the District of Columbia metropolitan area (in Suffolk, Virginia) and was "ill and elderly." You served in your capacity as personal representative for two years, until September 1999, when you both were removed and replaced by a successor.

During your tenure as a personal representative of the estate, you failed to (1) take possession or control of the estate assets or to secure them, which allowed waste to occur; (2) file or serve an inventory on interested persons; (3) account to the trust's beneficiary, forcing her to file a petition demanding an accounting of estate assets; (4) make appropriate distribution of the estate assets; and (5) seek removal of your co-personal representative, on grounds that you could not discharge your fiduciary duties if she remained in that position.

Several months after you had been removed as co-personal representative of the estate, the court held a hearing on April 11, 2000, regarding your status as co-trustee of the testamentary trust. You failed to appear. The next day, the Superior Court executed an order removing you and the decedent's sister as co-trustees. In its order, the court directed you both to file a final account within thirty days. Neither of you complied nor showed cause why you failed to do so. Thereafter, the court directed the successor to file a first and final account, but she was unable to obtain records from you. As a result, she

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 3

obtained records from the relevant bank. Once she had reviewed them, she requested on several occasions orally and in writing that you respond to certain concerns she expressed to you regarding your handling of the estate. The successor personal representative averred to the court that you failed to respond.

Based on your failure to respond to her inquiries, the successor personal representative filed a petition to compel your response in November 2000. You admit that you could not account for some of the estate's assets:

> . . . I do not know what happened to the proceeds from the sale of the personalty appraised by the Court or the items remaining in the house which were not sold. Ms. Inga Mason and [the co-personal representative] handled this matter. I did explain to them that the proceeds from the sale should be turned over to the estate.

Answer to Successor Personal Representative's Petition to Request Responses at (unnumbered) page 11, ¶ 15.

You further admit that you failed to marshal the assets of a number of the properties and that you believe that the properties had outstanding bills left by tenants, or had been "gutted" by removing appliances, rendering the properties unsuitable for rent or sale.

You admit that you made mistakes in your duties as a personal representative of the estate, including relying on your co-personal representative.

### *Analysis and Legal Conclusions*

1.   We conclude that you violated Rule 1.1 because you failed to provide competent representation to your client, the estate. You failed to provide the required "legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation" or to "serve [your] client with skill and care commensurate with that generally afforded to clients by other lawyers in similar matters." Rules 1.1(a) and 1.1(b).

Under D.C. Code Section 20-701 *et seq.*:

> A personal representative, whether supervised or unsupervised, is a fiduciary who, in addition to the specific duties expressed in this title, is under a general duty to settle and distribute the estate of the decedent in accordance with the terms of the will or laws relating to intestacy and this title, as expeditiously and efficiently as is prudent and consistent with the best interests of the persons interested in the estate.

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 4

Here, you were removed as a personal representative after two years during which you not only failed to marshal estate assets but permitted them to be wasted. By the time successor counsel was appointed, the probate was no nearer to closing than when you undertook your duties. You contend that the estate had insufficient operating funds and the estate's non-liquid assets were wasted by the trust's beneficiary and your co-personal representative, among others. You principally blame your co-representative for the problems in probating the estate. However, you never sought to have her removed, nor did you advise the Probate Division of your concerns or otherwise take steps to remedy the situation. A competent practitioner would have petitioned for removal of such an uncooperative co-representative in order to protect estate assets and foster prompt and appropriate administration of the estate. We conclude that you failed to represent the estate competently in violation of Rule 1.1.

2. Based on the foregoing analysis, we further conclude that you failed to represent the estate with diligence and zeal within the bounds of the law and ethics, in violation of Rule 1.3(a).

3. Finally, you engaged in conduct that seriously interfered with the administration of justice in violation of Rule 8.4(d), when you failed to honor the court's order directing you to file an accounting in connection with the trust within 30 days of the court's order, as well as when you bungled the probate of the estate from which the trust arises, forcing the appointment of a successor personal representative/trustee with whom you did not fully cooperate.

Regarding your failure to file the accounting as directed, you have no explanation and do not address the issue. Next, you dispute that you did not cooperate with the successor personal representative. However, the court found otherwise in an order filed on February 22, 2001. The court found that your failure to answer the successor's questions forced her to petition the court to direct you to provide responses, which in turn, caused the court to hold a hearing on the matter.[1] Based on the foregoing, we conclude that you violated Rule 8.4(d).

### Conclusion

We have determined that formal prosecution is not warranted in this matter because the review of the records by our accountant reveals that no funds are missing (a finding with which the successor agrees) and the fact that the court credited you with advancing more than $20,000 to the estate. You contend that you advanced funds to the estate in

---

[1] You appeared at that hearing and testified under oath.

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 5

order to continue its administration. Further, we do not believe that we could disprove before a Hearing Committee your contention that much of the waste was perpetrated by the trust's beneficiary herself. Finally, you have cooperated fully in our investigation.

This letter constitutes an Informal Admonition pursuant to Rule XI, §§ 3, 6, and 8 of the Rules of the District of Columbia Court of Appeals Governing the Bar and is public when issued. Please refer to the attachment to this letter of Informal Admonition for a statement of its effect and your right to have it vacated and have a formal hearing before a Hearing Committee.

If you would like to have a formal hearing, you must submit a written request for a hearing within 14 days of the date of this letter to the Office of Bar Counsel, with a copy to the Board on Professional Responsibility, unless Bar Counsel grants an extension of time. If a hearing is requested, this Informal Admonition will be vacated and Bar Counsel will institute formal charges pursuant to D.C. Bar R. XI, § 8(b). The case will then be assigned to a Hearing Committee, and a hearing will be scheduled by the Executive Attorney for the Board on Professional Responsibility pursuant to D.C. Bar R. XI, § 8(c). Such a hearing could result in a recommendation to dismiss the charges against you or a recommendation for a finding of culpability, in which case the sanction recommended by the Hearing Committee is not limited to an Informal Admonition.

Sincerely,

Joyce E. Peters
Bar Counsel

Encl.: Attachment to Letter of
Informal Admonition

Sent Regular and Certified Mail No. 7106 4575 1294 2774 4898

JEP:TMT:RLH:tsm

170-00 inad

Certified Article Number
7106 4575 1294 2774 4898
SENDERS RECORD