UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Criminal No. 05-292 (RWR) |
| REGINALD J. ROGERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION TO GOVERNMENT'S MOTION TO INTRODUCE 404(b) EVIDENCE
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, Reginald J. Rogers, through undersigned counsel, opposes the government's motion to introduce "other acts" or "other crimes" evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence, and respectfully urges the Court to exclude such evidence.

The government seeks to introduce evidence relating to three separate D.C. Office of Bar Counsel documents disciplining him for his performance as an attorney. Specifically, the government seeks to introduce: (1) a letter admonishing Mr. Rogers for failing to provide a written retainer agreement to Ms. Pamela A. Murray (hereinafter, the "Murray letter"); (2) a letter admonishing Mr. Rogers for failing to provide competent representation to Ms. Jessie B. Mason (hereinafter, the "Mason letter"); and (3) a District of Columbia Court of Appeals Board of Professional Responsibility opinion disbarring Mr. Rogers for his misappropriation of funds belonging to Ms. Hattie Mae Goode (hereinafter, the "Goode opinion"). The government fails to make clear the precise relevance of the information contained in the documents it seeks to introduce.

To the extent the government's theory is clear, the documents themselves are not competent evidence and should not be introduced. Neither the factual and legal conclusions

contained in the documents, nor the allegations made in the documents are relevant in the pending matter and they should not be placed before the jury.  Moreover, the documents, the acts they allege, and the conclusions they announce are more prejudicial to the fair administration of Mr. Rogers' case than they are probative of any material issue.  Mr. Rogers thus requests that the Court preclude the introduction of the evidence proffered by the government under Rule 404(b).

## ARGUMENT

Rule 404(b) provides that "evidence of other crimes, wrongs or acts is <u>not</u> admissible to prove the character of a person in order to show action in conformity therewith" (emphasis added).  The government bears the burden of showing the relevance of evidence it seeks to have admitted under Rule 404(b).[1]  <u>United States v. Anderson</u>, 509 F.2d 312, 328 (D.C. Cir. 1974) (citing <u>Robinson v. United States</u>, 459 F.2d 847, 856 (D.C. Cir. 1972)).  Such evidence may be admissible for the limited purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  "In order to aid the district court's determination of whether evidence is offered to prove an issue other than character, the government must precisely articulate the purpose of the proffered evidence." <u>United States v. Birch</u>, 39 F.3d 1089, 1093 (10th Cir. 1994) (citations omitted).

In the present case, the government has indicated that the evidence it seeks to introduce is admissible to establish Mr. Rogers's intent, knowledge, and absence of mistake. <u>See</u> Government's Motion at 3.  There is nothing "precise" about the government's rote recitation of the possible purposes for introduction of other crimes evidence in this case.  <u>See</u> <u>United States v.</u>

---

[1] <u>See</u> <u>United States v. Hudson</u>, 843 F.2d 1062, 1066 (7th Cir. 1988) and <u>United States v. Hogue</u>, 827 F.2d 660, 662 (10th Cir. 1987).

Kendall 766 F.2d 1426, 1436 (10th Cir. 1985) (establishing that the government's mere statement that the purpose of the other acts evidence "to prove the defendant's knowledge, identity and absence of mistake or accident" does not articulate "the relevant purpose and specific inferences to be drawn from . . . [the] evidence of other acts").

      The government provides no explanation for how or why the evidence it has proffered proves Mr. Rogers's intent, knowledge, and absence of mistake.[2] See United States v. Harvey, 845 F.2d 760, 762 (8th Cir. 1988) (holding that the government should specify which components of the rule form the basis of the relevancy of the prior-bad-act evidence and why); see also United States v. Alfonso, 759 F.2d 728, 739 (9th Cir.1985) (holding that "the government 'must precisely articulate the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence.'") (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982)).  This failure by the government exposes that the government's only purpose for introducing such evidence is to establish that Mr. Rogers is a fraud, engages in questionable legal practices, and has a propensity to commit crime.  This is the very purpose for which such evidence can not and should not be admitted.  See, e.g., Huddleston v. United States, 485 U.S. 681 (l988) (holding other crimes evidence is not admissible to show bad character and action in conformity therewith).

      Aside from the government's proffered reasons for seeking admission of other crimes evidence, neither of these letters, or the allegations contained therein, are relevant to the charges pending in the immediate indictment.  The Murray letter and the Mason letter admonish Mr.

---

[2] Mr. Rogers is prejudiced by not being able to confront this alleged evidence due to the sparse factual allegations and absence of any source for this information in the government's proffer.

Rogers for improper conduct that involves his negligence as an attorney. Neither letter recounts acts by Mr. Rogers that are at all similar to the allegations in the immediate case or involves a specific criminal intent. They should be precluded because they are irrelevant.

Mr. Rogers concedes that the Goode opinion, on the other hand, does allege acts that are related to the conduct with which Mr. Rogers is currently charged. The allegations in the Goode opinion, however, are not "other crimes." Rather, they involve the same crime charged in the indictment. Thus, the government would have to prove the acts alleged in the Goode opinion independently of their introduction as 404(b) evidence. Mr. Rogers nevertheless objects to the introduction of the Goode opinion. Although the government does not precisely identify its purpose for introducing the Goode opinion itself or its findings, the inevitable result of its introduction would be that the jury finds Mr. Rogers guilty of something based upon the prior adjudication of his wrongdoing included in the opinion. Such a result denies Mr. Rogers a fair trial on the acts alleged in the indictment and contravenes both Rule 404(b) as well as Rule 403.

Under Rule 403, relevant evidence should be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Goode opinion implicates each of these considerations. Ultimately, all of the evidence at issue will unfairly taint Mr. Rogers's character and, based on this tainted character alone, the government's burden of proof will be lowered and the jury will surely believe Mr. Rogers is more likely to have committed the charged crimes.

## CONCLUSION

For the reasons described above, and any others that may become apparent at a hearing on this matter, this Court should prohibit the government from introducing any of the proposed evidence under Rule 404(b).

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
TONY AXAM, JR.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500

**CERTIFICATE OF SERVICE**

    I, Tony Axam, Jr., Assistant Federal Public Defender, hereby certify that a copy of the attached Opposition to Governments Intent to Introduce Other Crimes Evidence Under Fed. R. Ev. 404(b) has been served upon John Griffith, Esquire, Assistant United States Attorney, by electronic means this 14th day of September, 2005.

                                            /s/
                                     TONY AXAM, JR.
                                     Assistant Federal Public Defender