UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-292 (RWR) |
| | : | |
| v. | : | |
| | : | |
| REGINALD JEROME ROGERS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY MEMORANDUM
REGARDING DEFENDANT'S OPPOSITION TO
GOVERNMENT'S MOTION FOR INTRODUCTION OF EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Reply Memorandum in response to Defendant's Opposition to Government's Motion for Introduction of Evidence ("Defendant's Opposition").

Defendant's Opposition states that "the government provides no explanation of how or why the evidence it has proffered proves Mr. Roger's intent, knowledge, and absence of mistake". As noted at page 3 of the Motion for Introduction of Evidence, the letters of admonition put the defendant on notice regarding his lack of compliance with specific provisions of the District of Columbia Rules of Professional Conduct. Despite this, the defendant continued to make false representations to his clients and withhold material information concerning the use of client funds.

Paragraph 1 of the Indictment alleges that as a licensed attorney, the defendant has a number of legally imposed fiduciary duties that require him to preserve and protect client funds, properly account for such funds, maintain adequate records, and keep clients informed about the status of matters entrusted to him. The Indictment then goes on to outline the manner and means of the scheme that include using client funds to pay defendant's personal expenses (para. 6); controlling client bank statements and other documents to conceal the scheme (para.7), making large cash

withdrawals from client account (para. 8), transferring client funds to conceal prior diversions (para. 10), failing to disclose material information to clients (para. 11), obtaining a loan secured by a client's residence (para. 12), refusing to give clients information and giving them false information regarding their funds and assets (para. 13, 14, 15, 17 and 18). All of these allegations directly relate to the defendant's knowing and intentional disregard of his fiduciary duties in order to carry out his scheme to defraud. The proffered evidence is highly probative of his intent to defraud, knowledge and lack of mistake, because he continued his knowing disregard of legally imposed fiduciary duties in executing his scheme to defraud even after receiving notification in the form of a letters of admonition that his conduct violated the fiduciary duties lawyers owe their clients.

     The September 17, 2002 letter of admonition to the defendant specifically cites District of Columbia Rule of Professional Conduct 1.5(b) requiring that clients receive a written agreement concerning fees. This letter put the defendant on notice that the District of Columbia Rules of Professional Conduct, which govern his conduct in practicing law, required that he affirmatively disclose in writing financial matters effecting clients such as fee arrangements. The evidence in this case will show that for almost three years following this notice, the defendant continued to defraud his clients by diverting funds, making false statements and refusing to disclose material information, all in violation of his fiduciary duties. See, Indictment counts 11, 12 and 13 and paras.11 though 18. The September 17, 2002 admonition letter therefore is directly relevant to the defendant's state of mind from that date forward. Indeed, the letter of admonition is direct proof of the scheme or, is at least alternatively "other act" evidence proving the defendant's intent to defraud, his knowledge and the lack of mistake or accident on his part.

With regard to the August 28, 2003 letter of admonition, the defendant was cited for violating Rule of Professional Conduct 1.1, failing to competently represent an estate, including permitting assets to be wasted. The letter further cites the defendant's violation of Professional Conduct 8.4(d) for failing to honor a court order directing him to file an accounting in connection with a trust. By this letter, the defendant was again put on notice that the Rules of Professional Conduct apply to his law practice and that his conduct, particularly with respect to overseeing assets and making necessary accounting and disclosures about such assets, was lacking and in violation of the rules. Despite this, the defendant continued his scheme for almost two years. As with the prior letter of admonition, this letter is either direct proof of the scheme or is admissible to show intent to defraud, knowledge, or absence of mistake or accident.

The defendant concedes that the November 30, 2004 Report and Recommendation of the Board on Professional Responsibility ("the Goode opinion") is directly related to the charged offenses and is not "other crimes" evidence. He argues that under Rule 403, this evidence will unfairly taint his character and deprive him of a fair trial. Defendant's Opposition at pg. 4. The Government's purpose in seeking to introduce evidence about the bar proceedings relating to the Goode matter is to show that despite bar proceedings being initiated and resolved through a disbarment recommendation the defendant continued: 1) diverting client assets, 2) refusing to return client assets and records upon demand; 3) making false statements to clients about their assets and records; and 4) failing and refusing to disclose material information about the use of client assets. This highly probative evidence is directly relevant to establishing that defendant's actions in the latter part of the scheme were knowing, intentional and not the result of mistake or accident. The defendant's concerns relating to the danger of unfair prejudice can be substantially reduced or

eliminated through a limiting instruction and by redacting certain portions of the report and recommendation, such as the description of defendant's invocation of the Fifth Amendment right against self incrimination (Goode opinion para. 23, pg. 10) and the detailed findings of fact and conclusions of law.  Because redaction might be awkward in this case, the government suggests that in lieu of admitting the entire Goode opinion, the November 19, 2003 letter to the defendant from the Office of Bar Counsel requesting information about defendant's representation of Ms. Goode (attachment 1) be admitted, along with general testimony from a Bar Counsel representative that a hearing was held before a hearing committee of the D.C. Court of Appeals, Board on Professional Responsibility on May 26, 2004 and that on November 30, 2004, the D.C. Court of Appeals, Board on Professional Responsibility recommended that the defendant be disbarred based on his conduct concerning Hattie Mae Goode.  This procedure should ensure that the jury is presented with highly probative evidence reflecting the defendant's knowledge, intent and absence of mistake in a manner that is not unfairly prejudicial to the defendant.

## CONCLUSION

For the reasons set forth in this Reply Brief and the Motion for Introduction of Evidence and in this Reply Memorandum, the government hereby respectfully requests that it be permitted to introduce at trial evidence of Admonition letters, the November 19, 2003 letter from the Office of Bar Counsel to the defendant, the fact of defendant's May 26, 2004 bar hearing on the Goode matter and the fact of the November 30, 2004 recommendation of the Board of Professional Responsibility that defendant be disbarred based on his conduct concerning Hattie Mae Goode.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        for the District of Columbia


By: _____
        JOHN GRIFFITH
        Assistant U.S. Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 353-2453