# OFFICE OF BAR COUNSEL

November 19, 2003

**VIA PERSONAL SERVICE AND REGULAR MAIL**
**CONFIDENTIAL**

Reginald J. Rogers, Esquire
11907 Frost Drive
Bowie, Maryland  20720
&
P.O. Box 77741
Washington, D.C.  20013

Re:  Rogers/Goode; Bar Docket No. 2003-D408
     Your Response Is Due Within 10 days of Service

*Serving the District of Columbia Court of Appeals and its Board on Professional Responsibility*

Joyce E. Peters
Bar Counsel

Wallace E. Shipp, Jr.
Deputy Bar Counsel

Senior Assistant Bar Counsel
Elizabeth A. Herman
Julia L. Porter

L...  ...r Counsel
...se,.  .owman
...ss T. Dicker
...dith Hetherton
...atherine L. Kello
...hn T. Rooney
 Clay Smith, III
...ci M. Tait



515 Fifth Street NW, Building A, Room 127, Washington, DC 20001 ■ 202-638-1501, FAX 202-638-0862

Dear Mr. Rogers:

The enclosed material contains allegations about your conduct which requires Bar Counsel to obtain information pursuant to Section 8 of Rule XI of the Rules of the District of Columbia Court of Appeals Governing the Bar.

This inquiry is routine under the policy of the Board on Professional Responsibility and follows the disciplinary standards recommended by the American Bar Association. It may be based on a complaint which is neither signed nor corroborated. At this stage, Bar Counsel has not taken any position regarding the validity of the allegations.

Bar Counsel's decision to investigate this complaint is based upon Section 6(a) (2) of Rule XI, which provides:

> Bar Counsel shall have the power and duty . . .[t]o investigate all matters involving alleged misconduct by an attorney subject to the disciplinary jurisdiction of this Court which may come to the attention of Bar Counsel or the Board from any source whatsoever, where the apparent facts, if true, may warrant discipline. Except in matters requiring dismissal because the complaint is clearly unfounded on its face or falls outside the disciplinary jurisdiction of the Court, no disposition shall be recommended or undertaken by Bar Counsel until the accused attorney shall have been afforded an opportunity to respond to the allegations.

BAR EXHIBIT 10 A

Reginald J. Rogers, Esquire
Rogers/Goode; Bar Docket No. 2003-D408
Page 2

### *The Goode Representation*

Please provide a substantive response in writing to each allegation of misconduct, **as well as a chronology of the representation, within ten calendar days from the date of this letter**, in order that we can make an appropriate disposition as soon as possible.

In addition, please respond to the following:

1. Regarding the representation in question, please provide all records reflecting deposit and disbursement of any funds associated with your representation of Hattie Mae Goode, including your financial records showing the transfer and disbursement of funds as required by Rule 1.15 of the District of Columbia Rules of Professional Conduct (the "Rules").

2. In addition, please do not omit any accountings provided your client.

3. Please provide any and all writings you provided Mrs. Goode setting forth the basis or rate of your fee pursuant to Rule 1.5.

4. Please provide a complete copy of your office file relating to your representation of Mrs. Goode. By "office file" we mean each and every document in your possession associated with the representation, including, but not limited to, any retainer agreement(s), all bills, invoices, accountings, financial records, settlement sheets, time sheets, records, worksheets, pleadings, notes and memoranda to the file, telephone messages and logs, writing on "post-it" message sheets, etc.

5. For every financial transaction you performed for Mrs. Goode, please provide the following information:

    a. Describe the purpose of each transaction, including any telephone transfers.

    b. Identify the payee(s), associated with each transaction, including name, telephone number(s) and address(es).

    c. Identify the payor(s), associated with each transaction, including name, telephone number(s) and address(es).

    d. Please also explain each and every bank charge made to the account.

Reginald J. Rogers, Esquire
Rogers/Goode; Bar Docket No. 2003-D408
Page 3

6. Please describe in detail your usual and customary procedures, if any, during your representation of Mrs. Goode for handling and processing her entrusted funds, including from receipt to disbursement.

7. Mrs. Goode alleges that, despite her written demand at the termination of the representation, you have failed to turn over documents to which she is entitled, including financial and medical records. Enclosed with Mrs. Goode's complaint are two letters respectively dated October 6 and 8, 2003, in which she requests all records of her past and present assets, tax records, and medical records. We incorporate both letters by reference herein. Please produce to the Office of Bar Counsel the documents Mrs. Goode requests. Once we receive them, we will forward them to her.

8. Please identify Malcolm Mauney and Marva Shields.

    a. What is Mr. Mauney's relationship to you?

    b. What is Ms. Shields's relationship to you?

    c. Please describe in detail how each was involved in your representation of Mrs. Goode, at least to the extent that they are apparently named in at least one legal document.

9. It appears that you began to represent Mrs. Good in 1992 even though you were not admitted to the District of Columbia Bar until October 1994. Please explain.

**_Miscellaneous Matters_**

10. Please also indicate all other jurisdictions in which you are or have been licensed to practice law.

In compliance with D.C. App. R. II, § 2, entitled "Periodic Registration of Attorneys," you are required to update your residence and office addresses with the District of Columbia Bar within 30 days of any change.

11. Please furnish Bar Counsel a copy of any notice of change of address that you provided to the Bar.

Reginald J. Rogers, Esquire
Rogers/Goode; Bar Docket No. 2003-D408
Page 4

    This matter is confidential at this stage except for necessary disclosures in the course of our investigation. A necessary disclosure includes sending a copy of your response to the complainant for comment. You, however, have the right to make the information public. See Rule XI, Section 17.

    Please be aware that the District of Columbia Court of Appeals has approved discipline based in part on a violation of Rule 8.4(d) of the D.C. Rules of Professional Conduct (conduct that seriously interferes with the administration of justice) where the attorney failed to comply with Bar Counsel's request for information. Moreover, your cooperation will contribute to the resolution of this matter in a manner which safeguards the rights of the public and protects attorneys from unfounded complaints.

    **We have enclosed a subpoena for the records we seek.**

    If you have any questions, please contact the undersigned at (202) 638-1501, extension 140. Please use the above docket number in all correspondence with this office.

                                    Very truly yours,

                                    Traci M. Tait
                                    Assistant Bar Counsel

Enclosure

TMT:tsm

2003-D408 bltr