UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>REGINALD J. ROGERS, )<br>)<br>　　　　Defendant. )<br>_____ ) | Criminal No. 05-292 (RWR) |

**MOTION FOR BILL OF PARTICULARS
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, Reginald J. Rogers, through undersigned counsel, hereby moves this Honorable Court for a Bill of Particulars regarding his involvement in the acts charged in the indictment in this matter.

A bill of particulars is necessary to specify what acts Mr. Rogers is alleged to have completed in order to commit the offense of mail fraud as charged in Counts One through Thirteen of the indictment. Mail fraud requires evidence that a defendant knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises. While the government has made many allegations of fraud in the narrative of its indictment, it does not precisely identify the fraudulent pretenses, representations, or promises that Mr. Rogers made to cause: bank statements to be mailed to him as alleged in Counts One through Eleven; a check to be mailed to Executive Abstracting Company as alleged in Count Twelve; or a letter and check to be mailed to AG as alleged in Count Thirteen.

The indictment alleges that Mr. Rogers received mail in order to "conceal his unauthorized use of clients' monies, funds, and property," it does not specify what the

pretense, representation, or promise Mr. Rogers made in order to acquire clients' monies, funds, or property in the first place. Any false pretense, representation, or promise would logically have to be the gravamen of Mr. Rogers' fraud. Because these alleged pretensess, representations, or promises are not included in the indictment, Mr. Rogers is left to speculate as to the specific acts he committed and precisely when he committed them over the approximately two year period of fraud alleged in the indictment. Wherefore, Mr. Rogers moves that the government be ordered to state the following with exactitude:

1. The precise pretenses, representations, or promises that Mr. Rogers made with regard to each count in the indictment.

2. The precise monies, funds, or property Mr. Rogers acquired as a result of each pretense, representation, or promise.

2. To whom Mr. Rogers made these pretenses, representations, or promises.

3. Whether Mr. Rogers made these pretenses, representations, or promises orally or in writing; and if in writing, Mr. Rogers requests that the government identify the documents in which the pretenses, representations, or promises are contained.

## ARGUMENT

A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)(quoting United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). The

indictment must also be sufficiently specific to satisfy the Fifth Amendment guarantee against double jeopardy.  "[I]t must be clear enough, when coupled with the record of the proceedings, to preclude double jeopardy, i.e., the nature of the acquittal or conviction must be sufficiently clear to bar further prosecution for the same crime." <u>Hsu v. United States</u>, 392 A.2d 972, 976-7 (D.C. 1978).  <u>United States v. Addonizio</u>, 451 F.2d 49, 63-4 (3rd Cir. 1971), <u>cert. denied</u>, 405 U. S. 936 (1972).  <u>United States v. Pollack</u>, 534 F.2d 964 (1976).

     A bill of particulars should be granted where a defendant is not apprized of the "central facts which will enable him to conduct his own investigation of the transactions giving rise to the charge," <u>United States v. Manetti</u>, 323 F.Supp. 683,695-6 (D. Del. 1971) and where "nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation..." <u>United States v. Thevis</u>, 474 F.Supp. 117, 123-4 (N. D. Ga. 1979).

     Here, the defendant is alleged to have made false pretenses, representations, or promises. While the government has alleged generally that Mr. Rogers acquired monies, funds, and property , it has not identified specifically when, where, or the circumstances under which Mr. Rogers is alleged to have made pretenses, representations, or promises to acquire such proceeds or what specific proceeds Mr. Rogers received for each pretense, representation, or promise he made.  It is therefore impossible for Mr. Rogers to mount a full defense as he will not know the precise allegations against which he will have to defend.  The government should be required to show that the dates, places, and times of Mr. Rogers alleged fraud as well as the substance of the pretenses, representations, or promises made and what he received as a result of making them.

In <u>Russell v. United States</u>, 369 U.S. 749 (1962), the Supreme Court stated that it was inappropriate to allow the prosecutor to guess at what the grand jury meant when it returned its indictment. <u>Russell</u>, 369 U.S. at 770. Here, Mr. Rogers is left to wonder what is meant by the Indictment, leaving the Government overly broad leeway as to how it should conduct itself or present its evidence.

In accord with the increasing rejection of the sporting theory of justice, and consistent with the broadening of defense access to critical information about a prosecution, the requirement that a defendant must make a showing of cause as a prerequisite to the granting of a bill of particulars was eliminated from Rule 7(f) of the Federal Rules of Criminal Procedure. This change was designed to encourage a more liberal attitude by the Courts toward bills of particulars..." 1966 Committee Note to Rule 7(f). Thus, the trend is toward granting bills of particulars and expanding the scope of information properly sought through this device. <u>See e.g.</u> 1 C. Wright Federal Practice and Procedure: Criminal Section 129, 280-2 (1969 ed.).

**WHEREFORE,** for these reasons and any other such reasons as shall appear to the court, Mr. Rogers requests a bill of particulars as specified.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and Incorporated Memorandum in Support was served upon Jonathan Griffith, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. by electronic means this 19th day of October, 2005.

/S/
Tony Axam, Jr.
Assistant Federal Public Defender