## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 05-292 (RWR)** |
| | : | |
| **v.** | : | |
| | : | |
| **REGINALD JEROME ROGERS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SECOND MOTION
## FOR INTRODUCTION OF EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves for an Order permitting the introduction of the defendant's filed Federal tax returns for the years 1999 through 2002 and documentation that the defendant failed to file Federal tax returns for the years 2003 and 2004.

## ANALYSIS

The indictment seeks criminal forfeiture of $513,928 representing proceeds of the alleged scheme. Based on currently available information, the government believes that the defendant fraudulently obtained at least this amount from his clients. The government recently received from the Internal Revenue Service (IRS) copies of the defendant's Federal income tax returns for the years 1999 through 2002. The IRS also forwarded a Certification of Lack of Record noting that following a search of its records, no such income tax returns were found to have been filed for the years 2003 and 2004. A review of the filed returns indicates that the defendant failed to report the vast majority if not all of the funds he personally obtained during 1999 through 2002 from the clients identified in the Indictment. For 2003 and 2004, it appears that he failed to report any income, including amounts taken from clients. The defendant's failure to report this income is further demonstrates his concealment of the scheme and is, thus, "inextricably intertwined" with the charged crime and

admissible for all purposes.  See, United States v. Bowie, 232 F.3d 923, 927-29 (D.C. Cir. 2000).  Alternatively, this evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence to show defendant's intent to defraud.  In  United States v. Pless, 79 F.3d 1217 (D.C. Cir.), cert. denied, 519 U.S. 900 (1996), the D.C. Circuit upheld the admission of failure to file tax returns in a bank fraud case.  The defendant there was charged with "check kiting."  The issue before the jury in that case, as will be the issue in this trial, was the defendant's's intent.  The D.C. Circuit upheld the admission of the evidence, although it found the question to be close, because, "it is more likely that the defendant intended to defraud both (or either) banks if at the same time he was failing to pay other corporate liabilities."  United States v. Pless, 79 F.3d 1217, 1220 (D.C. Cir.), cert. denied, 519 U.S. 900 (1996).  Application of the legal principles surrounding Rule 404(b) demonstrates that the offered evidence is probative of relevant issues and ought to be admitted.

## CONCLUSION

The government hereby respectfully requests permission to introduce evidence of the defendant's filed Federal tax returns for the years 1999 through 2002 and documentation that the defendant failed to file Federal tax returns for the years 2003 and 2004.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia


By:    _____
       JOHN GRIFFITH
       Assistant U.S. Attorney
       555 4th Street, N.W.
       Washington, D.C.  20530
       (202) 353-2453

2