UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 05-292 (RWR) |
| : | |
| **v.** : | |
| : | |
| **REGINALD JEROME ROGERS,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR A BILL OF PARTICULARS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to Defendant's Motion for a Bill of Particulars.

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); United States v. Esquivel, 755 F. Supp. 434, 436 (D.C. 1990). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); *see also* United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), *cert denied*, 498 U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir.) (bill of particulars is not intended as a vehicle for "wholesale discovery of the Government's evidence"), *cert denied*, 423 U.S. 858 (1975). Nor is it designed to force the government to reveal a theory of its case that the defendant could then use to limit the government's presentation of its case at trial. Torres, 901 F.2d at 234; United States v. Burgin, 621 F.2d 1352 (5th Cir.), *cert denied*, 449 U.S. 1015 (1980). The defendant's constitutional right

underlying a bill of particulars is to know the offense with which he is charged, not to know the details of how it will be proved. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), *cert denied*, 455 U.S. 1021 (1982).

This objective has been more than met by the detail of the speaking Indictment, particularly those paragraphs setting for the manner and means of the scheme. In addition, much of the specific detail demanded by the defendant is simply not required in a mail fraud prosecution. The defendant argues that the Indictment "does not precisely identify the fraudulent pretenses, representations, or promises that Mr. Rogers made to cause: bank statements to be mailed to him as alleged in Counts One through Eleven; a check to be mailed to Executive Abstracting Company as alleged in Count Twelve; or a letter and check to be mailed to AG as alleged in Count Thirteen". There is no requirement in the mail fraud statute that the mailings forming the basis for mail fraud counts involve false or fraudulent pretenses, representations, or promises. "It is no defense to a criminal charge that the mailings are routine. If a mailing is used to carry out a fraudulent scheme, a mail fraud charge will lie even though the mailing also may be related to a legitimate business purpose". United States v. Freitag, 768 F.2d 240, 244 (8th Cir. 1985). Such routine mailings can include monthly bank statements. Id.; *See also*, United States v. Knight, 607 F.2d 1172, 1175-76 (5th Cir. 1980) (affirming mail fraud convictions in an embezzlement scheme in which monthly statements and cancelled checks sent via mail). "To be part of the execution of the fraud, however, the use of the mails need not be an essential element of the scheme. It is sufficient for the mailing to be incident to an essential part of the scheme or a step in the plot". Schmuck v. United States, 489 U.S. 705, 710-11 (1989) (internal quotation marks and citations omitted). Furthermore, "[u]nder the mail fraud statute the government is not required to prove any particular false statement was made.

Rather, there are alternative routes to a mail fraud conviction, one being proof of the scheme or artifice to defraud, which may or may not involve any specific false statements". United States v. Woods, 335 F.3d 993, 999 (9th Cir.), *cert denied,* 540 U.S. 1025 (2003) (internal quotation marks and citations omitted).

In addition to the detail in the Indictment, the voluminous discovery provided to date to defense counsel provides the necessary information. The defense has received copies of possible exhibits, draft schedules of bank records analysis and inventories of other discovery documents available for inspection. The government has filed motions for introduction of evidence regarding prior bar proceedings and tax filings. The government has also agreed to provide Jencks Act statements and memoranda of interviews two weeks prior to the start of trial.

The government would suggest that its compliance with its Rule 16 obligations and its voluntary disclosures of additional information have placed defense counsel in a better position than even the most detailed bill of particulars might afford. As such, there is no basis for the additional disclosures sought by this motion. *See, e.g.,* Butler 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); United States v. Glecier, 923 F.2d 496, 502 (7th Cir.) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the charges against them), *cert denied*, 502 U.S. 810 (1991); United States v. Marrero, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), *cert denied*, 498 U.S. 1000 (1990).

3

In light of the strict limitations placed on the proper scope of bills of particulars and the information already provided to defense counsel in this case, the government should not be required to provide a bill of particulars. *See* United States v. Edelin, 128 F. Supp. 2d 23 at 36-37 (D.C. 2001).

WHEREFORE, the government respectfully requests that the defendant's Motion for a Bill of Particulars be denied.

                                            Respectfully submitted,

                                            KENNETH L. WAINSTEIN
                                            United States Attorney
                                            for the District of Columbia

By: _____
      JOHN GRIFFITH
      Assistant U.S. Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-2453