**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 05-292 (RWR)** |
| | : | |
| **v.** | : | |
| | : | |
| **REGINALD JEROME ROGERS,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR INTRODUCTION**
**OF EVIDENCE CONCERNING BAR ACTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits the following Supplemental Memorandum in Support of its Motion for Introduction of Evidence Concerning Bar Actions.

On December 22, 2005, a Status Hearing was conducted in the above-captioned matter. During the hearing, the Court set January 25, 2006 at 11 a.m. as the date and time for hearing on pre-trial motions.  The motions to be heard include the Government's August 19, 2005 Motion for Introduction of Evidence concerning Informal Admonition letters sent to the defendant from the District of Columbia Office of Bar Counsel and bar disciplinary proceedings against the defendant relating to his client Hattie Mae Goode (Goode), one of the victims in the instant case.  On October 11, 2005, the Government filed a Reply Memorandum regarding Defendant's Opposition to the Government's Motion for Introduction of Evidence.  In this Reply Memorandum, the Government indicated that it could possibly redact certain portions of the November 30, 2004 Report and Recommendation of the Board on Professional Responsibility regarding the defendant's representation of Goode in order to remove any such portions for which there is a risk of unfair prejudice.

During the December 22, 2005 status hearing, the Court requested that the Government provide its proposed redacted version of the Report and Recommendation well before the scheduled January 25, 2006 pre-trial motions hearing.    After further review of the Report and Recommendation, the Government has determined that redaction of it would be impractical. Instead, as alternatively suggested in the Reply Memorandum, the Government intends to introduce only the letters of admonition, the Office of Bar Counsel complaint (attached to the Reply Memorandum) and testimony from a Bar Counsel or Board of Professional Responsibility representative that the defendant was served with the complaint,  a hearing was conducted on May 26, 2004 and the Board of Professional Responsibility recommended disbarment on November 30, 2004.   Evidence of past conduct such as prior regulatory action is admissible to show intent, knowledge and plan pursuant to Rule 404(b).  See, United States v. Arthur Anderson, 374 F.3d 281, 290-91 (5th Cir. 2004), rev'd on other grounds, __ U.S. __, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) (evidence of prior Securities and Exchange Commission proceedings presented on issue of intent); United States v. Gold Unlimited, Inc., 177 F.3d 472, 485-87 (6th Cir. 1999) (introduction of prior cease and desist orders, complaint, settlement and judicial opinion on issues of knowledge, plan and intent).

While the Government does not believe that it is necessary to redact portions of the letters of admonition and the complaint, those documents may raise hearsay concerns.  As a result, the Government will not offer them to prove the truth of the matters asserted therein, but rather to prove intent, knowledge, plan or lack of mistake or accident. See, Anderson, 374 F.3d at 289, n. 7; Gold Unlimited, Inc., 177 F.3d at 485-87.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

By:     _____
JOHN GRIFFITH
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2453

3