Instruction 2.51B (as modified)

**Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident**

You are about to hear evidence regarding a August 28, 2003 letter to the defendant from the District of Columbia Office of Bar Counsel regarding an investigation of defendant's handling of an estate. The letter is only evidence that a written statement was made by the Office of Bar Counsel and is not evidence of the truth of that statement. It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the letter at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence that the defendant received the letter.

If you consider the evidence that the defendant received the letter, you may use the evidence of the letter only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident with respect to acts occuring after the date he received the letter.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to the letter, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in

deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant may have received the letter that he also committed the acts charged in the indictment.

You may only consider the evidence for the limited purpose of showing whether the defendant, if he did the acts after August 28, 2003 alleged in the indictment, did so with the specific intent to defraud and did not do so by accident or mistake.

Instruction 2.51B (as modified)

**Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident**

You are about to hear evidence regarding the defendant's Federal income tax returns for the years 1998 through 2002, filed with the Internal Revenue Service, as well as Internal Revenue Service records indicating that no such tax returns were filed for the years 2003 and 2004. It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the evidence at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence regarding the tax returns filed or the failure to file tax returns.

If you consider the evidence of the tax returns filed or the failure to file tax returns, you may use that evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to taxes, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the

charged offenses, and you may not conclude from this evidence that because the defendant filed certain tax returns or did not file returns that he also committed the acts charged in the indictment.

You may only consider the evidence for the limited purpose of showing whether the defendant, if he did the acts alleged in the indictment, did so with the specific intent to defraud and did not do so by accident or mistake.

Instruction 2.51B (as modified)

**Evidence of Acts Admitted to Show Intent/Absense of Mistake or Accident**

You are about to hear evidence regarding a September 17, 2002 letter to the defendant from the District of Columbia Office of Bar Counsel regarding an investigation of a complaint made by one of the defendant's former clients. The letter is only evidence that a written statement was made by the Office of Bar Counsel and is not evidence of the truth of that statement. It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the letter at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence that the defendant received the letter.

If you consider the evidence that the defendant received the letter, you may use the evidence of the letter only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident with respect to acts occuring after the date he received the letter.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to the letter, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in

deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant may have received the letter that he also committed the acts charged in the indictment.

You may only consider the evidence for the limited purpose of showing whether the defendant, if he did the acts after September 17, 2002 alleged in the indictment, did so with the specific intent to defraud and did not do so by accident or mistake.