# OFFICE OF BAR COUNSEL

August 28, 2003

Reginald J. Rogers, Esquire
Post Office Box 46
Bowie, Maryland  20719

Re:    <u>In re Rogers; Docket No. 170-00</u>

Dear Mr. Rogers:

This office has completed its investigation of the above-referenced matter.

'erving the District
f Columbia Court
f Appeals and its Board
n Professional
'esponsibility

ıce E. Peters
r Counsel

ılloce E. Shicp, Jr.
tuzy Bar Counsel

tior Assistant Bar Counsel
uboth A. Herman
ɔ L Porter

        ır Counsel
        ɔow.nɔn
s T. Dicker
ith Herberion
'ıərine L. Kello
ɔ T. Rconey
Clay Smith, III
ɔ M. Toit



## The Complaint

We docketed this matter for investigation

of the testamentary trust for the benefit of the adult daughter of Jessie B. Mason, for whose estate you were serving as co-personal representative.

## Your Response

You deny that you engaged in unethical conduct with respect to the estate or the testamentary trust.  You assert that you were removed as co-trustee, in essence, because you had misread the date of the court's notice to appear and because your successor gave an overblown version of events relating to your handling of the estate.  You state that you pursued your obligation to the estate with diligence and zeal to the best of your ability, but that your efforts were hampered by your co-personal representative, the decedent's sister, who, you contend, prevented you from completing an inventory or preparing an accounting of the decedent's estate because she was thoroughly uncooperative.

You assert that you and the co-personal representative had agreed to divide duties in administering the estate, but that she failed to follow through, for example on the sale of one of the decedent's several properties in the

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 2

District of Columbia. You assert that the decedent had seven other parcels of real estate located in both the District of Columbia and Maryland which "had special features/problems that mitigated against [their] being placed on the market in 'as-is' condition with the expectation of yielding full market values." You state that the co-representative obstructed your efforts to dispose of the properties in a manner that would maximize the estate's assets.

You further state that you did not waste the estate's resources but that you "paid the estate's just debts with the money that was available" and the you "went out-of-pocket and paid the principal debts of the estate: mortgages, the insurance on [one of the properties in the estate] and other debts of the estate." You state that you "advanced" the estate in excess of $6,000 from your personal funds "to keep things going, all the while continuing to try and sell properties with an u[n]reasonable co-personal representative."

*Our Investigation*

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 3

'. You admit that

> . . . I do not know what happened to the proceeds from the sale of the
> personalty appraised by the Court or the items remaining in the house which
> were not sold. Ms. Inga Mason and [the co-personal representative] handled
> this matter. I did explain to them that the proceeds from the sale should be
> turned over to the estate.

Answer to Successor Personal Representative's Petition to Request Responses at
(unnumbered) page 11, ¶ 15.

You further admit that you failed to marshal the assets of a number of the properties
and that you believe that the properties had outstanding bills left by tenants, or had been
"gutted" by removing appliances, rendering the properties unsuitable for rent or sale.

You admit that you made mistakes in your duties as a personal representative of the
estate, including relying on your co-personal representative.


*Analysis and Legal Conclusions*

Under D.C. Code Section 20-701 *et seq.*:

> A personal representative, whether supervised or unsupervised, is a fiduciary
> who, in addition to the specific duties expressed in this title, is under a
> general duty to settle and distribute the estate of the decedent in accordance
> with the terms of the will or laws relating to intestacy and this title, as
> expeditiously and efficiently as is prudent and consistent with the best
> interests of the persons interested in the estate.

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 4

_Conclusion_

Reginald J. Rogers, Esquire
In re Rogers; Bar Docket No. 170-00
Page 5

Sincerely,

Joyce E. Peters
Bar Counsel

Encl.: Attachment to Letter of
        Informal Admonition

Sent Regular and Certified Mail No. 7106 4575 1294 2774 4898

JEP:TMT:RLH:tsm

170-00 inad


Certified Article Number

7106 4575 1294 2774 4898

SENDERS RECORD