UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:05cr00292RWRALL |
| v. : | |
| : | |
| REGINALD JEROME ROGERS, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S PROPOSED STANDARD AND SPECIAL JURY INSTRUCTIONS**

**Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted _____ to testify as an expert concerning _____. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 2.26**

**FBI AGENT'S TESTIMONY**

An FBI Agent's testimony should be considered by you just as any other evidence in the case. In evaluating the agent's credibility you should use the same guidelines which you apply to

the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is an FBI Agent.

## Instruction 2.42

## CHARACTER AND REPUTATION OF DEFENDANT

The defendant has introduced testimony that [s/he has a good reputation in the community for (<u>character trait</u>)] [in the witness's opinion, the defendant is a (<u>character trait</u>) person]. Such evidence may indicate to you that it is unlikely that a (<u>character trait</u>) person would [commit the crime charged] [testify untruthfully]. You should consider this evidence along with other evidence in the case in determining the guilt or innocence of the defendant, and should give it such weight as in your judgment it is fairly entitled to receive.

Notwithstanding this character evidence, it is your duty to convict if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged. On the other hand, the circumstances may be such that evidence of good character may alone create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing. If you have a reasonable doubt as to the defendant's guilt, you must find him/her not guilty.

## Instruction 2.43

## CROSS-EXAMINATION OF CHARACTER WITNESS

On cross-examination, the character witness[es] presented by the defendant [was] [were] questioned by government counsel regarding previous [arrests] [convictions] [prior acts] of the defendant. These questions are permitted for the sole and limited purpose of testing the basis for and reliability of the character witness's testimony and not to establish that those events took

place, that the defendant committed the offense charged in this case, or that s/he is a person of bad character. You are to consider these questions and the witness's answers only in evaluating the character witness's testimony.

**Instruction 2.48**

**STATEMENTS OF THE DEFENDANT --
SUBSTANTIVE EVIDENCE**

Evidence has been introduced that the defendant made statements to the police about the crime charged. You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statement. Do this in deciding [whether the defendant made the statement and] what weight to give it, along with all the other evidence, when deciding the guilt or innocence of the defendant.

[If you decide that the defendant did make the statement,] in examining the circumstances surrounding the statement, you may consider whether the defendant made it freely and voluntarily with an understanding of what s/he was saying. You may consider whether s/he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward. You may consider the conversations, if any, between the police and the defendant. For example, you may consider whether the police warned him/her of his/her rights; where and when the statement was given; the length of time, if any, that the police questioned him/her; who was present; the physical and mental condition of the defendant. You may consider the age, disposition, education, experience, character and intelligence of the defendant. Considering all the circumstances, you should give his/her statement such weight as you think it deserves.

3

**Instruction 2.49**

**DEFENDANT'S STATEMENTS -- CORROBORATION**

A defendant cannot be convicted solely on his/her own uncorroborated statements concerning essential elements of the offense, which s/he made out of court.  Therefore, unless you find that the statements attributed to the defendant are adequately corroborated, you must not consider them as evidence in this case.

You must not consider the statements allegedly made by the defendant unless you find that there is substantial independent evidence of facts or circumstances which tend to establish the trustworthiness of these statements.  This corroborating evidence may be direct or circumstantial or both.

You must find the defendant not guilty, unless you find that the government has proved every essential element of the offense beyond a reasonable doubt, either by independent evidence or by the defendant's statements which have been corroborated.  The independent evidence and the corroborated statements, taken as a whole, must establish the defendant's guilt beyond a reasonable doubt.

**SPECIAL JURY INSTRUCTION NO. 1**

The government has alleged that Mr. Rogers entered into an attorney-client relationship with persons for the purpose of defrauding or cheating them out of their money and that this constituted a "scheme to defraud".  The government must prove the scheme substantially as alleged in the indictment.  <u>Brown v. United States</u>, 146 F. 219 (8th Cir. 1906). The government must prove beyond a reasonable doubt that when Mr. Rogers entered into the various transactions as attorney he did so with a plan to defraud his clients.  <u>Phillips v. United States</u>, 356 F.2d 297

4

(9th Cir.), cert. denied, 384 U.S. 952 (1965). The word "scheme" connotes some degree of planning, and therefore, the government must prove beyond a reasonable doubt that Mr. Rogers entered into an attorney-client arrangement for the purpose of defrauding his clients. DeMier v. United States, 616 F.2d 366 (8th Cir. 1980). The government has the burden of proving beyond a reasonable doubt that Mr. Rogers did not enter into an attorney-client relationship in good faith and in the ordinary course of his legal profession. Epstein v. United States, 174 F.2d 754 (6th Cir. 1949). If you find that Mr. Rogers's entering into the attorney client relationship with the persons identified in the indictment is just as consistent with innocence as with guilt, then you may not find that it constituted a scheme to defraud her. United States v. D'Amato, 39 F.3d 1249, 1260 (2nd Cir. 1994).

## SPECIAL JURY INSTRUCTION NO. 2

The government must prove beyond a reasonable doubt that Mr. Rogers intended to defraud his clients. Intent to defraud, for purposes of mail fraud, means to act willfully and with specific intent to deceive or cheat for the purpose of financial gain. United States v. Henningsen, 387 F.3d 585 (7th Cir. 2004). Acts done in good faith do not meet this test, and good faith is a complete defense to fraud. United States v. Preston, 634 F.2d 1285 (10th Cir.), cert. denied, 455 U.S. 1002 (1980). If you find that the government has not proved beyond a reasonable doubt that Mr. Rogers did not act in good faith in his dealings with his clients, then the government has not met its burden of proof with respect to the element of intent to defraud and you must find Mr. Rogers not guilty.

## SPECIAL JURY INSTRUCTION NO. 3

The government must prove beyond a reasonable doubt that some actual harm or injury was intended by Mr. Rogers. Misrepresentations amounting only to a deceit are insufficient to prove mail fraud. Instead, the deceit must be coupled with a contemplated harm to the victim. Where the scheme does not cause harm to the alleged victim as a necessary result, the government must produce evidence independent of the alleged scheme to show an actual fraudulent intent on the part of Mr. Rogers. United States v. D'Amato, 39 F.3d 1249, 1256-57 (2nd Cir. 1994).

## SPECIAL JURY INSTRUCTION NO. 4 – Fraudulent Intent

Fraudulent intent is not presumed or assumed; it is personal and not imputed. One is chargeable with his own personal intent, not the intent of some other person. Bad faith is an essential element of fraudulent intent. Good faith constitutes a complete defense to fraud. One who acts with honest intention is not guilty of fraudulent intent. Evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent. In order to establish fraudulent intent on the part of a person, the government must prove beyond a reasonable doubt that such person knowingly and intentionally attempted to deceive another. United States v. Ammons, 464 F.2d 414, 417 (8th Cir. 1987), cert. denied, 409 U.S. 988 (1972).

## SPECIAL JURY INSTRUCTION NO. 5 – Good Faith Defense

The good faith of Mr. Rogers is a complete defense to the thirteen counts of mail fraud with which he is charged, because good faith on the part of Mr. Rogers is, simply, inconsistent

6

with the intent to obtain money by means of false or fraudulent pretenses, representations, or promises alleged in the charges.

A person who acts with a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake of judgment or an error in management does not rise to the level of intent to defraud.

A defendants does not act in "good faith" if, even though he honestly holds a certain opinion or belief, the defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The mail fraud statute is written to subject to criminal punishment only those people who knowingly obtain money by means of false or fraudulent pretenses, representations or promises.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that Mr. Rogers acted with an intent to obtain money by means of false or fraudulent pretenses, representations, or promises or whether Mr. Rogers acted in good faith, you the jury must consider all the evidence in the case bearing on Mr. Rogers' state of mind.

The burden of proving good faith does not rest with Mr. Rogers because he does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Mr. Rogers acted with the intent to obtain money by means of false or fraudulent pretense, representations, or promises.

If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Rogers

acted with an intent to obtain money by means of false or fraudulent pretenses, representations, or promises or a reasonable doubt as to whether Mr. Rogers did not act in good faith, the jury must acquit him. O'Malley, et al., Federal Jury Practice and Instructions § 47.16 [modified].

### SPECIAL JURY INSTRUCTION NO. 6 – Fraud and Fraudulent

"Fraud" is an intentional or deliberate misrepresentation of the truth for the purpose of inducing another to act in reliance on it, to part with a thing of value or to surrender a legal right. Fraud, then, is a deceit which, whether perpetrated by words, conduct, or silence, is designed to cause another to act upon it to his or her legal injury.

A statement, claim or document is "fraudulent" is it was falsely made or made with reckless indifference at to its truth or falsity and made or caused to be made with an intent to deceive. O'Malley, et al., Federal Jury Practice and Instructions § 16.08.

### SPECIAL JURY INSTRUCTION NO. 7– Willfully

The term "willfully", as used in these instructions to describe the alleged state of mind of Mr. Rogers, means that he acted knowingly, deliberately, intentionally, and purpose as contrasted with accidentally, carelessly or unintentionally. O'Malley, et al., Federal Jury Practice and Instructions § 17.05.

As to the substantive instructions for Mail Fraud, Mr. Rogers intends to recommend to the Court the use of the instructions from O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, and will provide full text well before the trial date.

    Respectfully submitted,

    THOMPSON O'DONNELL, LLP

    <u>//s// J. Michael Hannon //s//</u>
    J. Michael Hannon, #352526
    1212 New York Avenue, NW
    Suite 1000
    Washington, DC 20005
    (202) 289-1133
    (202) 289-0275 (facsimile)
    jmh@tomnh.com

    Charles I. Cate, Attorney at Law

    <u>//s// Charles I. Cate //s//</u>
    Charles I. Cate, #969360
    2009 14th Street North
    Arlington, VA 22201
    (703) 5222112
    (703) 5225201 (facsimile)
    chascate@msn.com

    *Attorneys for Defendant Reginald Jerome Rogers*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing Proposed Jury Instructions was sent via electronic filing this 28th day of March, 2006, to:

John D. Griffith
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
  FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, N.W.
Washington, D.C.  20530


                //s// J. Michael Hannon //s//
                J. Michael Hannon