UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Criminal No. 05-292 (RWR) |
| | : |
| **REGINALD JEROME ROGERS,** | : |
| | : |
| **Defendant** | : |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court give the instructions set forth below. In addition, the government submits proposed verdict forms for the forfeiture allegations.

I.   Mail Fraud - Statute Defining the Offense Charged

II.  Mail Fraud- Essential Elements

III. Mail Fraud- First Element

IV.  Mail Fraud- Second Element

V.   Mail Fraud- Third Element

VI.  Causing an Act to be Done

### Forfeiture Instructions

1. Jury's Duty Regarding Forfeiture

2. Government's burden of proof regarding forfeiture

3. Jury may consider trial evidence as well as any additional evidence presented on the issue of forfeiture

4. Definition - property which "derived from" property "traceable to" a mail fraud violation

5. Money judgment

6. Duty not to consider certain issues that court will decide

7. Special Verdict Form

8. Unanimous Verdict

I. <u>Mail Fraud - Statute Defining the Offense Charged</u>

Counts 1 through 13 of the indictment charge defendant with mail fraud in violation of Title 18, United States Code, Section 1341.  Section 1341 provides in pertinent part that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . [and] for the purpose of executing such scheme or artifice, or attempting so to do, . . . knowingly causes to be delivered by mail [or commercial interstate carrier] according to the directions thereon, . . . any such matter or thing. . ."

shall be guilty of an offense against the United States.  O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (5th ed. 2000), Section 47.02.

The purpose of this statute is to prevent the use of the mail or carrier in order to carry out illegal schemes to defraud.  <u>Parr v. United States</u>, 363 U.S. 370, 389 (1960).  Each separate use of the mails or carrier to advance, further or carry out the scheme or artifice to defraud is a separate and distinct violation of the mail fraud statute.  Adapted from Fifth Circuit, <u>Pattern Jury Instructions</u> (1997 ed.), Section 2.60 (modified).  <u>See</u> also, <u>United States v. Brown</u>, 36 F.R.D. 207 (D.D.C. 1964) (acknowledging this point).

II. <u>Mail Fraud- Essential Elements</u>

In order to establish that defendant violated 18 U.S.C. § 1341 by committing mail fraud as charged in Counts 1 through 13, the government must prove beyond a reasonable doubt the following three essential elements:

First, that defendant devised a scheme or plan to defraud or obtain money or property by means of materially false or fraudulent pretenses, representations or promises;

Second, that defendant did so with intent to defraud; and

Third, that defendant used the mails or a commercial interstate carrier ("carrier") or caused the mails or carrier to be used to advance, further, or carry out the scheme or plan.

A "scheme or plan to defraud" includes a scheme or plan to deprive another of the intangible right of honest services.  Adapted from Fifth Circuit, <u>Pattern Jury Instructions</u> (1997 ed.), Section 2.60 (modified).

### III.  <u>Mail Fraud- First Element</u>

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud or obtain money or property by means of materially false or fraudulent pretenses, representations or promises.

A "scheme or artifice" is a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making materially false and fraudulent statements, pretenses or representations or concealment of material facts.  A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statue. A statement, claim or document is "fraudulent" if it was falsely made, or made with reckless indifference as to its truth or falsity, and made or caused to be made with an intent to deceive.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.[1]

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether the fact is "material" does not depend on whether the person was actually deceived.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes knowing concealment of facts that are material or important to the matter and that were made or used with the intent to defraud.[2]

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme and plan or that the alleged scheme and plan actually succeeded in defrauding anyone. Before you can find defendant guilty of any of the mail fraud charges, however, you must unanimously agree that defendant knowingly devised or participated in a scheme and plan to defraud that was substantially the same at the one alleged in the indictment. Adapted from Pattern Jury Instructions of the First Circuit, Criminal Cases, Instr. 4.12

---

[1] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.03 (5th Ed. 2002) (revised).

[2] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Section 47.13 (modified); United States v. Pollack, 534 F.2d 964 (D.C. Cir.), cert. denied, 429 U.S. 924 (1976); Redbook Instruction 4.41 "Fraud;" Neder v. United States, 527 U.S. 1 (1999).

(1998); United States v. Allard, 926 F.2d 1237, 1242 (1st Cir. 1991) ("It is not necessary to establish that the intended victim was *actually* defrauded.").

### IV. Mail Fraud- Second Element

As to the second element of mail fraud, to act with an "intent to defraud" means to act knowingly and with the intent or the purpose to deceive or to cheat. An intent to defraud is accompanied, ordinarily, by a desire or a purpose to dishonestly bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person. O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.14.

### V. Mail Fraud- Third Element

The third element of mail fraud requires the use of the United States mails or a commercial interstate carrier, so long as defendant "caused" the mails or carrier to be used, the government is not required to prove that defendant actually mailed or sent by a carrier anything or that defendant even intended that the mails or carrier would be used to further, advance or carry out the scheme or plan to defraud or to obtain or attempt to obtain money or property by false and fraudulent pretenses, representations or promises. Adapted from O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.04.

A "commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier it need not be proved that the message or article thereafter moved in interstate commerce from one state to another. Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 revision), Instr. 50.1.

To "cause" the mail or carrier to be used is to do an act with knowledge that the use of the mail or carrier will follow in the ordinary course of business or where such use can reasonably be foreseen. Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003), Instrs. 41.1, 41.2 (1997). Therefore the government must prove that the mails or a carrier were in fact used in some manner to further, advance or carry out the scheme or plan. The government must also prove that the use of the mails or carrier would follow in the ordinary course of business or events, or that the use of the mails or carrier by someone was reasonably foreseeable. Adapted from O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), Section 47.04.

It is not necessary for the government to prove that the item which was mailed or sent by carrier was false or fraudulent or contained any false or fraudulent statement, representation or promise, or contained any request for money or thing of value. Id. Additionally, it is not necessary for the government to prove that use of the mail or carrier was intended as the specific or exclusive means of accomplishing the alleged fraud, or that the party who received the mail or carrier matter is the party defendant is alleged to have defrauded, or attempted to defraud.

Each separate use of the mails to advance, further or carry out the scheme or plan to defraud is a separate and distinct violation of the mail fraud statute. Adapted from Fifth Circuit, Pattern Jury Instructions (1997 ed.), Section 2.60.

VI. Causing an Act to be Done *(Instruction No. 4.05)*

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done

means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

**PROPOSED FORFEITURE INSTRUCTION NO. 1** (Jury's duty regarding forfeiture.)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of Count[s] [ ], you have one more task to perform before you are discharged.[3]

Under federal law, any person who is convicted of mail fraud shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of that violation.[4]

With respect to the conviction of mail fraud, you must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the government asserts constitutes, or is derived from, proceeds traceable to the mail fraud violation of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of mail fraud is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any such violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

---

[3] Fed.R.Crim.P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute.")

[4] 18 U.S.C. § 982(a)(2).

__PROPOSED FORFEITURE INSTRUCTION NO. 2__ (Government's burden of proof regarding forfeiture.)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do **not** apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdict[s] regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit, in connection with the mail fraud conviction[s] of which you have found the defendant guilty, constitutes, or is derived from, proceeds traceable to the violation of mail fraud. I further instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit, in connection with the mail fraud conviction[s] of which you have found the defendant guilty, is property involved in, or traceable to property involved in, the violation of mail fraud. The government is **not** required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes, or is derived from, proceeds traceable to the mail fraud, it must prove that it is more likely than not that the property is proceeds traceable to the mail fraud. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived from proceeds traceable to the mail fraud violation. Your job is to determine whether it is more likely than not that the property constitutes or is derived from proceeds traceable to the violation.[5]

---

[5] *Libretti v. United States*, 116 S.Ct. 356, 363 (1995) (criminal forfeiture is part of the sentence; it is not a substantive element of the offense); *United States v. DeFries*, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (in light of *Libretti*, burden of proof in RICO case is preponderance of the evidence); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance

**PROPOSED FORFEITURE INSTRUCTION NO. 3** (Jury may consider trial evidence as well as any additional evidence presented on the issue of forfeiture.)[6]

While deliberating, you may consider any evidence offered by the parties at any time during the trial.

**PROPOSED INSTRUCTION NO. 4** (Definition - property which "derived from" property "traceable to" a mail fraud violation.)

I instruct you that property "derived from" proceeds "traceable to" a mail fraud violation is any property that was, at least in part, purchased, improved, or maintained with property the defendant would not have had but for the commission of the mail fraud violation.[7]

---

standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (preponderance standard applies to § 982 forfeitures).

[6] *United States v. Merold*, 2002 WL 1853644 (11th Cir. 2002) (Table) (jury may rely on evidence admitted in the guilt phase of the trial); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

[7] *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) ("property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources" and "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable to' the offense".)

**PROPOSED FORFEITURE INSTRUCTION NO. 5:** (Money judgment)

Under federal law, any person who is convicted of mail fraud is required to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to the violation, whether or not that property has been or can be seized by the government. Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes, or is derived from, proceeds traceable to the violation of mail fraud.[8]

Regarding the Forfeiture Allegation in the Indictment where the government requests a money judgment, it is your duty to determine whether it is more likely than not that the amount that the government asserts is equal to property constituting, or derived from, proceeds traceable to the violation of mail fraud; and/or whether it is more likely than not that the amount that the government asserts is equal to property involved in, or traceable to the property involved in, the violation of mail fraud.

---

[8] Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay."); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir.), *cert. denied*, 106 S.Ct. 72 (1985) (RICO - because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset).

**PROPOSED FORFEITURE INSTRUCTION NO. 6** (Duty not to consider certain issues that court will decide.)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should **not** consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the Court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

You are also **not** to consider whether the property is presently available. That matter also will be considered solely by the Court in imposing sentence.

Your sole concern now is to determine whether property constitutes or is derived from proceeds traceable to the mail fraud violation[s] which you have found the defendant committed and/or whether property was involved in, or is traceable to property involved in, the mail fraud which you have found the defendant committed.

**PROPOSED FORFEITURE INSTRUCTION NO. 7:** (Special Verdict Form)

A Special Verdict Form has been prepared for your use. You are asked to determine unanimously whether **$513,928** in funds should be forfeited to the United States and whether **$513,928** should be forfeited to the United States in the form of a money judgment. You may answer by simply putting an "X" or a check mark in the space provided next to the words "Yes" or "No." If you do not unanimously agree on this amount, then you must determine what amount, if any, should be forfeited and write that amount in the space provided. The foreperson must then sign and date the Special Verdict Form.

You will see that the Special Verdict Forms asks you to consider separately whether certain sums of money are subject to forfeiture on more than one basis. Even if you find that any given sum of money is, in fact, subject to forfeiture for more than one reason, that does not mean that the government will receive the forfeited sum(s) of money twice. It is important, however, that you indicate on the Special Verdict Form all bases on which you find any given sum of money subject to forfeiture. Any issue of double-counting will be considered by the Court in imposing sentence.

**PROPOSED FORFEITURE INSTRUCTION NO. 8** (Unanimous verdict)[9]

You must reach a unanimous verdict as to each question on the Special Verdict Form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a Special Verdict Form.

---

[9] Fed.R.Crim.P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense"); *United States v. Sokolow*, 91 F.3d 396, 414-415 (3d Cir. 1996), *cert. denied*, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense); *United States v. Sokolow*, 91 F.3d 396, 414-15 (3d Cir. 1996), cert denied, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense).

In addition, the government requests leave to submit such additional or supplemental instructions as may be deemed necessary prior to or during the trial of this case.

>Respectfully submitted,
>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY
>D.C. BAR #451058

By: _____

>JOHN D. GRIFFITH
>ASSISTANT U.S. ATTORNEY
>Fraud & Public Corruption Section
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 353-2453