# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : **Criminal No. 05-292 (RWR)** |
| | : |
| REGINALD JEROME ROGERS, | : |
| | : |
| Defendant | : |

## PARTIES' PROPOSED JURY INSTRUCTIONS

Plaintiff, United States of America and defendant Reginald J. Rogers, by and through their attorneys, respectfully request that the Court give the instructions set forth below.  In addition, the government submit  proposed verdict forms.

## I.    LIST OF INSTRUCTIONS

### A.    Preliminary Instructions Before the Commencement of Trial

1.    Preliminary Instruction on Notetaking 1.02A[1]

2.    Preliminary Instruction Before Trial 1.03

3.    Stipulations of fact; judicial notice 1.04

4.    Cautionary Instruction Prior to First Recess 1.05

5.    A Juror's Recognition of A Witness or Other Party Connected to the Case 1.22

### B.    Limiting Instructions During the Trial

6.    Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident 2.51B (September 17, 2002 letter)

7.    Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident 2.51B (August 28, 2003 letter)

---

[1]    Instructions with accompanying number are drawn from the Bar Association of the District of Columbia's  Criminal Jury Instructions (4th ed. rev. 2002) (The Red Book).

8.   Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident 2.51B (Tax information)

    C.   **General Instructions - At End of Trial**

9.   Question Not Evidence 1.07

10.   Evaluation of Prior Inconsistent Statement of a Witness (If Applicable) 1.10

11.   Evaluation of Prior Consistent Statement of a Witness (If Applicable) 1.11

12.   Function of Court 2.01

13.   Function of Jury 2.02

14.   Jury's Recollection Controls 2.03

15.   Evidence in Case 2.04

16.   Statements of Counsel 2.05

17.   Indictment not Evidence 2.06

18.   Inadmissible and Stricken Evidence 2.07

19.   Burden of Proof -- Presumption of Innocence 2.08

20.   Reasonable Doubt 2.09

21.   Direct and Circumstantial Evidence 2.10

22.   Credibility of Witnesses 2.11

23.   Nature of the Charges 2.14

24.   Right of Defendant Not to Testify (If Applicable) 2.27

        or

25.   Defendant as Witness (If Applicable) 2.28

26.   False or Inconsistent Statement by Defendant (if applicable) *(Instruction No. 2.29)*

2

27.    Multiple Counts - One Defendant 2.52

28.    Election of Foreperson 2.71

29.    Unanimity (Clause One) 2.72

30.    Exhibits During Deliberations (Clause One) 2.73

31.    Possible Punishment Not Relevant 2.74

32.    Communications Between Court and Jury During Deliberations 2.75

33.    Furnishing the Jury With a Copy of the Instructions 2.76

34.    Proof of State of Mind 3.02

35.    On or about - Proof of 3.07

36.    Summary Witness Testimony

37.    Charts and Summaries

II.  **INSTRUCTIONS SET FORTH IN FULL**[2]

A.  **Preliminary Instructions Before the Commencement of Trial**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

1.  Notetaking by Jurors (*Instruction 1.02*)

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. I want to emphasize that none of you are required to take notes. Indeed, you should not do so if you think that notetaking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[2]  The following is a complete narrative of the instructions, per the Court's Order issued on January 27, 2006.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats. They will be collected by the clerk and given to me to keep.  No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.

2.  <u>Preliminary Instruction Before Trial</u> *(Instruction 1.03)*  Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

[Insert at this point relevant instruction concerning Notetaking by Jurors (*See* Instruction 1.02).

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.  Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

[READ THE INDICTMENT ]

You should understand clearly that the indictment that I just read is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because s/he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. The defendant has been charged with mail fraud . To prove mail fraud , the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of mail fraud are:

READ ELEMENTS OF THE OFFENSE AND ANY OTHER

REQUIRED INSTRUCTION RELATING TO

THE SUBSTANTIVE OFFENSE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find that the government has

6

failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney Mr. Griffith.  When I mention the defendant, I am referring either to the defendant Mr. Rogers or to his attorneys, Messrs. Axam, Hannon and Cate.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his/her innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each party will have a chance to present oral arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each party claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your

deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party s/he represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should

be stricken from the record, you must forget that both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

10

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

3. Stipulations of fact; judicial notice *(Instruction No. 1.04)*

STIPULATION OF FACT

The government and the defendant may stipulate -- that is, agree -- to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

JUDICIAL NOTICE

The court may take judicial notice of public acts, places, facts, and events which are matters of common knowledge or which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. When the court takes judicial notice of a particular fact, you may if you choose to do so, regard that fact as proven evidence. However, you are not required to accept as conclusive any fact judicially noted because you are the sole judges of the facts.

4.      Cautionary Instruction Prior to First Recess *(Instruction No. 1.05)*

We are about to take our first break during the trial and it is important that you follow certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not discuss it with anyone -- not with the parties, witnesses, attorneys, or anyone else connected with the case. You must not even discuss it with your fellow jurors, friends or family members. To be fair to both the government and the defendant, you should keep an open mind throughout the trial. You should reach your conclusion only during the final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies to anyone, including members of your family, friends or relatives, courtroom spectators, witnesses, reporters, and parties to this case. If anyone attempts to discuss the case with you, tell them not to talk to you. If anyone attempts to discuss the case with you or you overhear any discussion of the case, you must report that fact to me as soon as you can. However, you should not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you or that you overheard a discussion, nor should you discuss with them any other fact that you feel necessary to bring to the court's attention. If you need to advise me of such matters, please do so through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to

12

me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

5.    A Juror's Recognition of A Witness or Other Party Connected to the Case
      *(Instruction No. 1.22)*


At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

13

B.  **Limiting Instructions During the Trial**

6. Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident *(Instruction 2.51B-as modified) (September 17, 2002 letter)*

You are about to hear evidence regarding a September 17, 2002 letter to the defendant from the District of Columbia Office of Bar Counsel regarding an investigation of a complaint made by one of the defendant's former clients.  The letter is only evidence that a written statement was made by the Office of Bar Counsel and is not evidence of the truth of that statement.  It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the letter at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence that the defendant received the letter.

If you consider the evidence that the defendant received the letter, you may use the evidence of the letter only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident with respect to acts occuring after the date he received the letter.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to the letter, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does

14

not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant may have received the letter that he also committed the acts charged in the indictment.

You may only consider the evidence for the limited purpose of showing whether the defendant, if he did the acts after September 17, 2002 alleged in the indictment, did so with the specific intent to defraud and did not do so by accident or mistake.

7.  Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident
    *(Instruction 2.51B-as modified) August 28, 2003 letter)*

You are about to hear evidence regarding a August 28, 2003 letter to the defendant from the District of Columbia Office of Bar Counsel regarding an investigation of defendant's handling of an estate.  The letter is only evidence that a written statement was made by the Office of Bar Counsel and is not evidence of the truth of that statement.  It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the letter at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence that the defendant received the letter.

If you consider the evidence that the defendant received the letter, you may use the evidence of the letter only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident with respect to acts occuring after the date he received the letter.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to the letter, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant may have received the letter that he also committed the acts charged in the indictment.

You may only consider the evidence for the limited purpose of showing whether the defendant, if he did the acts after August 28, 2003 alleged in the indictment, did so with the specific intent to defraud and did not do so by accident or mistake.

8. <u>Evidence of Acts Admitted to Show Intent/Absence of Mistake or Accident</u>
*(Instruction 2.51B-as modified) (Tax returns)*

You are about to hear evidence regarding the defendant's Federal income tax returns for the years 1998 through 2002, filed with the Internal Revenue Service, as well as Internal Revenue Service records indicating that no such tax returns were filed for the years 2003 and 2004. It is up to you to decide whether to accept that evidence.

Before you consider this evidence however, you must first decide, without considering the evidence at all, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offenses. If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offenses, you may then go on to consider the evidence regarding the tax returns filed or the failure to file tax returns.

If you consider the evidence of the tax returns filed or the failure to file tax returns, you may use that evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident.

You may not consider this evidence for any other purpose. The defendant has not been charged with any offense relating to taxes, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offenses, and you may not conclude from this evidence that because the defendant filed certain tax returns or did not file returns that he also committed the acts charged in the indictment.

C.    **General Instructions - At End of Trial**

9.    <u>Question Not Evidence</u> *(Instruction No. 1.07)*

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not evidence.

10  <u>Evaluation of Prior Inconsistent Statement of a Witness (If applicable)</u> *(Instruction No. 1.10)*

<u>ALTERNATIVE A</u> (for use when prior statements not made under oath are introduced):

You have heard evidence that [ ^ ] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the witness' believability here in court. In other words, if on an earlier occasion the witness made a statement that is inconsistent with his/her testimony in court, you may consider the inconsistency in judging the credibility of the witness. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

<u>ALTERNATIVE B</u> (for use when prior statements made under oath are introduced):

You have [also] heard evidence that [ ^ ] made an earlier statement under oath, subject to the penalty of perjury at a prior [ ^ ] [describe when statement was made to make clear which of the prior inconsistent statements fit within this category] and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is inconsistent with the witness' present testimony in court, you may consider this inconsistency in judging the credibility of the witness. In addition, you may consider

this earlier statement as proof that what was said in the earlier statement was true.

11.   <u>Evaluation of Prior Consistent Statement of a Witness (if applicable)</u> *(Instruction 1.11)*

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

12.   <u>Function of the Court</u> *(Instruction No. 2.01)*

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

13.   <u>Function of the Jury</u> *(Instruction No. 2.02)*

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

19

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

14.  Jury's Recollection Controls *(Instruction No. 2.03)*

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

15.  Evidence in the Case- Judicial Notice and Stipulations *(Instruction No. 2.04)*

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, the facts of which I took judicial notice and the facts and testimony stipulated to by the parties.

The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of [ ^ ] . You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

During the trial, you were told that the parties had stipulated -- that is, agreed to -- what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

20

16.   <u>Statements of Counsel</u> *(Instruction No. 2.05)*

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

17.   <u>Indictment not Evidence</u> *(Instruction No. 2.06)*

The indictment is merely the formal way of accusing a person of a crime to bring him/her to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

18.   <u>Inadmissible and Stricken Evidence</u> *(Instruction No. 2.07)*

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

19.   <u>Burden of Proof- Presumption of Innocence</u> *(Instruction No. 2.08)*

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt.

21

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

20.  Reasonable Doubt *(Instruction No. 2.09)*

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

21.  Direct and Circumstantial Evidence *(Instruction No. 2.10)*

There are two types of evidence from which you may find the facts of a case -- direct

22

evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence. The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

22. <u>Credibility of Witnesses</u> *(Instruction No. 2.11)*

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons

witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

23.  <u>Nature of the Charges</u> *(Instruction No. 2.14)*

One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

24.  <u>Right of Defendant not to Testify (if applicable)</u> *(Instruction No. 2.27)*

Every defendant in a criminal case has an absolute right not to testify.  Reginald Rogers has chosen to exercise his right to remain silent. You must not hold this decision against him, and it

would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

25. <u>Defendant as Witness (if applicable)</u> *(Instruction No. 2.28)*

The defendant has a right to become a witness in his/her own behalf. His testimony should not be disbelieved merely because s/he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

26. <u>False or Inconsistent Statement by Defendant (if applicable)</u> *(Instruction No. 2.29)*

If you find that the defendant made false or inconsistent statements in explanation of his actions, the following instruction would apply:

False or inconsistent statements that a defendant makes in explanation or defense, after a crime has been committed, do not create a presumption of guilt. You may consider evidence of such false or inconsistent statements, however, as tending to prove the defendant's consciousness of guilt. You are not required to do so. You should consider and weigh evidence of the defendant's false or inconsistent statements with all the other evidence in the case and give it the weight that you believe it is fairly entitled to receive. It is up to you to decide whether the defendant made the statements, and whether they were, in fact, false or inconsistent.

27. <u>Multiple Counts- One Defendant</u> *(Instruction No. 2.52)*

A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and

25

you should return separate verdicts as to each count [unless I instruct you to do otherwise]. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

28.  Election of Foreperson *(Instruction No. 2.71)*

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

29.  Unanimity (Clause One) *(Instruction No. 2.72)*

The verdicts must represent the considered judgment of each juror. In order to return verdicts, each juror must agree to the verdicts. Your verdicts must be unanimous.

30.  Exhibits During Deliberations (Clause One) *(Instruction No. 2.73)*

I am sending into the jury room with you the exhibits that have been received in evidence. You may examine any or all of them as you consider your verdicts.

31.  Possible Punishment Not Relevant *(Instruction No. 2.74)*

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the evidence in the

26

case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

32. <u>Communications Between Court and Jury During Deliberations</u> *(Instruction No. 2.75)*

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

33. <u>Furnishing the Jury With a Copy of the Instructions</u> *(Instruction No. 2.76)* I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

34. <u>Proof of State of Mind</u> *(Instruction No. 3.02)*

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way

of directly looking into the workings of the human mind. But you may infer the defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

35.  <u>On or About- Proof of</u> *(Instruction No. 3.07)*

You will note that the indictment charges that the offenses were committed "on or about" the following dates:

| Count No. | Date |
|---|---|
| 1 | 8/17/01 |
| 2 | 9/19/01 |
| 3 | 10/19/01 |
| 4 | 11/20/01 |
| 5 | 12/18/01 |
| 6 | 1/18/02 |
| 7 | 2/19/02 |
| 8 | 3/19/02 |
| 9 | 4/18/02 |

28

| | |
|---|---|
| 10 | 5/20/02 |
| 11 | 2/13/03 |
| 12 | 3/26/03 |
| 13 | 11/17/03 |

The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

36.  Summary Witness Testimony

The testimony of Auditor Nicholas Novak, which summarized bank and other financial records has been received for the sole purpose of explaining facts by bank and other financial records admitted as evidence in the case.  His summary testimony is not, in and of itself, proof of any facts. His summary testimony is provided only as a matter of convenience.  If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should give this summary testimony the weight you believes it deserves.[3]

37.  Charts and Summaries

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case.  Those charts or summaries are used for your convenience.  These charts and summaries are not themselves evidence or proof of any facts.  You should determine the facts from the evidence.[4]

Certain charts and summaries have been received into evidence. Charts and summaries are

---

[3] United States v. Lemire, 720 F.2d 1327, 1348 and at n.32 (D.C. Cir. 1983).

[4]  Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.43 and 1.44 (2001).

29

valid only to the extent that they accurately reflect the underlying supporting evidence.  You should

give them only such weight as you think they deserve.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR #451058


_____

JOHN D. GRIFFITH
ASSISTANT U.S. ATTORNEY
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2453


_____

J. MICHAEL HANNON
Thompson, O'Donnell, LLP
1212 New York Avenue, NW, Ste. 1000
Washington, DC 20005
(202) 289-1133