**EXHIBIT 1**

Federal Public Defender
District of Columbia
625 Indiana Avenue., N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500 Fax: (202) 208-7515

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: __307 2304__

To: __John Griffith__
Of: ____
From: __Tony Axam__
Client/Matter: ____
Date: __8/19/05__

\* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT. (202) 208-7500

## CONFIDENTIALITY NOTE

The documents accompanying this telefax contain information from FEDERAL PUBLIC DEFENDER, DISTRICT OF COLUMBIA, which is confidential and privileged. The information is intended for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any copying, disclosure, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for retrieval of the original documents at no cost to you.

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

August 19, 2005

John Griffith, Esq.
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001

        Re: <u>United States v. Reginald Rogers</u>
          Case No. 05-292 (RWR)

Dear Mr. Griffith:

  I write to request discovery in the above-captioned matter. Without limiting the scope of the requests set forth below the asterisks, please provide a response to the following:

  1. Please provide copies of all reports prepared by law enforcement officers in connection with this case.

  2. Please provide a viewing letter stating that any employee of this office bearing proper identification may inspect the physical evidence seized in this case and specifically granting permission to my investigator, Santa Lopez, and me to view the evidence and to make copies and take pictures of it.

  3. Please produce all photographs taken (including still-undeveloped exposures, if any), photostatic copies of evidence, and diagrams made in connection with this case.

  4. Please ensure that neither the MPD, the F.B.I, Inspector General, Postal Inspector nor any other law enforcement agency releases or otherwise allows any evidence or seized property to leave their custody until my office has had an opportunity to view and inspect it.

  5. Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), we request that you provide all exculpatory material which exists in this case relating to guilt and/or punishment. Should you have any question with regard to whether certain information constitutes <u>Brady</u> material, we request that you seek an <u>in camera</u> determination as to whether it should be produced, and that we be provided notice that an <u>in camera</u> presentation will be made.

  Let me specifically note that the government's obligations under <u>Brady</u> are very broad. See <u>Kyles v. Whitley</u>, 115 S.Ct. 1555, 1567 (1994) ("the individual prosecutor has a duty to learn of any

favorable evidence known to the others acting on the government's behalf in the case, including the police"); Strickler v. Greene, 527 U.S. 263, 280 (1999) (duty to disclose encompasses impeachment evidence as well as exculpatory evidence, citing United States v. Bagley, 473 U.S. 667, 676 (1985)); United States v. Bowie, 198 F.3d 905, 907 (D.C. Cir. 1999) ("[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within Brady' disclosure obligation[,]" citing Giglio v. United States, 405 U.S. 150, 154 (1972)); In re Sealed Case (Brady Obligations), 185 F.3d 887 (D.C. Cir. 1999); see also United States v. McVeigh, 954 F. Supp. 1441, 1449 (D. Colo. 1997) (under Brady v. Maryland, 373 U.S. 83 (1963), prosecutors must disclose to the defense the information known to or available to them which may develop doubt about the truth of the government's narrative"). Let me further note that the government's disclosure obligations under Rule 16(a)(1)(C) are very broad as well. See United States v. Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998) (stating that even inculpatory evidence may be material within the meaning of Rule 16(a)(1)(C)).

6.　　Please provide a copy of Mr. Rogers's NCIC and WALES criminal histories, or in the alternative, the complete criminal history of Mr. Rogers including crimes, dates of conviction, and sentencing dispositions.

7.　　Please produce copies of all radio communications relating to this case. If none exist, please let me know as soon as possible.

8.　　Please produce results of all tests conducted in connection with this case. If a CSSO attempted to lift prints but was unsuccessful, please let me know whether that is the case and provide all reports and notes (including the PD 668).

If any handwriting analysis was performed, please provide all reports and notes concerning any analysis made or comparisons performed. Also, please provide a letter authorizing any fingerprint or handwriting expert designated by this office to inspect all latent lift cards, Mr. Rogers's ten-print card, and all related documents in the possession, custody, or control of the government.

9.　　Please let me know whether there are any confidential informants with knowledge of information relevant to this case. If government is going to contest the Giglio request below, please indicate so specifically in your discovery response.

\* \* \*

Defendant's Oral and Written Statements-- Rules 16(a)(1)(A) and (B)

(1)　　Produce all oral, written, or recorded statements made by defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.

(2)　　Produce that portion of any written record (including, but not limited to, government notes) containing the substance of any oral statement made by defendant in response to interrogation

2

by any person then known to defendant to be a government agent.

(3)     Produce all recorded grand jury testimony of defendant, if any, which relates to the offense(s) charged.

(4)     Disclose the substance of any other oral statement made by defendant to the government. If such a statement exists or is found to exist, we hereby request that you cause it to be reduced to writing and produced.

Defendant's Prior Criminal Record -- Rule 16(a)(1)(D)

Please disclose defendant's prior criminal record, if any, the existence of which is known, or by the exercise of due diligence may become known, to the government. This request includes but is not limited to all matters known or reasonably discoverable by the government which may affect defendant's criminal history score under the United States Sentencing Guidelines, and, more specifically, includes but is not limited to a request for a "copy of [defendant's] prior criminal record." See Fed. R. Crim. P. 16(a)(1)(B); United States v. Trejo-Zambrano, 582 F.2d 460, 465 (9th Cir. 1978) ("prosecutor ordinarily discharges his duty under Rule 16(a)(1)(B) by supplying the accused with a copy of his F.B.I. rap sheet"); United States v. Feola, 651 F. Supp. 1068, 1147 (S.D.N.Y. 1987) (requiring production of copy of conviction record), aff'd, 875 F.2d 857 (2d Cir. 1989), cert. denied, 493 U.S. 834 (1989). Please indicate whether the government has exercised the due diligence required by Rule 16 in addition to any reliance that the government may have placed upon efforts made by Pretrial Services.

Documents and Tangible Objects -- Rule 16(a)(1)(E)

Please produce all documents and tangible objects discoverable under Rule 16(a)(1)(C), including but not limited to the following:

(a)     those which the government intends to use as evidence in its case-in-chief at trial;
(b)     those which were obtained from or belong to defendant (together with a description of where each item was found or obtained); and
(c)     those which are material to the preparation of the defense (including, but not limited to, documents and tangible objects relevant to any "other crimes, wrongs, or acts" evidence which the government intends to use at trial under Fed. R. Evid. 404(b)). For purposes of this letter, all documents and objects which have been obtained or confiscated by the government from outside sources during any investigation of this case are deemed to be material to the preparation of the defense and therefore producible. Please provide notice of any decision not to produce requested materials, so that a judicial decision as to production may, if warranted, be sought.

3

Again, let me note the breadth of the government's disclosure obligations under Rule 16(a)(1)(C). See Marshall, 132 F.3d at 68.

### Reports of Examinations and Tests -- Rule 16(a)(1)(F)

Please disclose all results and reports of physical or mental examinations relevant to this matter, and scientific tests or experiments relevant to this matter, which are in the government's possession, custody, or control, and the existence of which is known to the government or may become known through the exercise of due diligence. We request notice of any government decision to refrain from producing such materials, so that a judicial decision as to production may, if warranted, be sought.

### Summaries of Expert Testimony -- Rule 16(a)(1)(G)

Please produce a written summary of any expert testimony which the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial. Pursuant to the Federal Rule of Criminal Procedure 16, all summaries must:
  (1) describe the witnesses' opinions;
  (2) describe the asserted bases and reasons for the opinions; and
  (3) describe the witnesses' qualifications.

Please be aware that boiler plate information concerning what government expert witness generally testify about is not necessarily an opinion; and the bases and reasons for any genuine opinion provided must relate to the opinion to be offered in this case, otherwise the opinion is not relevant. The defendant will object to the elicitation of any purported opinion for which notice and the bases and reasons therefor were not provided pursuant to the Federal Rules of Evidence and Criminal Procedure.

### Rule 12(d)(2) Notice

Defendant requests notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16.

### "Other Crimes, Wrongs Or Acts" Evidence -- Fed. R. Evid. 404(b)

Defendant requests notice of the nature of any other crimes, wrongs, or acts or Rule 404 (b) evidence ("other offense evidence") that the government anticipates using at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects that the government could introduce

4

in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to such other offense evidence; and any written or oral statement made by the defendant relating to such other offense evidence. For purposes of this paragraph, the term "statements" shall be construed to the broadest extent permitted by the Fed. R. Crim. P. 26.2.

Giglio Material

Pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny, defendant also requests that the government produce any information known to or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness whom the government may call to testify at trial. (This Giglio request should not be construed as a limitation on the scope of what constitutes Brady material.) Such information should include, but not be limited to:

(a) the witness' prior adult and juvenile criminal record (including pending cases);
(b) any known instance of the witness having made a false statement, whether or not under oath, and whether or not an adjudication or finding of a false statement has been made;
(c) any direct or implied promises of benefit or leniency in whatever form, known to have been made to a witness with respect to this or any other case;
(d) all information (including but not limited to drug test results) related to the length and extent of the witness' addiction to or use of narcotic drugs or the witness' participation in a drug treatment program of any kind (including but not limited to the date of the alleged incident as well as any date on which the witness spoke with any government agent and/or provided grand jury testimony);
(e) the name and address of any person(s) known to the government to whom the witness has made statements relating to the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers;
(f) all information relating to the witness' falsification of tax information or knowing participation, whether before or after the fact, in fraudulent tax practices;
(g) all information concerning the witness' immigration status;
(h) all information evidencing misconduct by, complaints of misconduct against, and disciplinary action taken against the witness;
(i) all information arguably showing or tending to show that the witness has manufactured, falsified, or planted evidence, whether in physical or testimonial form, in connection with any criminal arrest or charge;
(j) all instances of the witness having failed to follow government regulations in connection with the investigation, arrest, and post-arrest treatment of suspects; and
(k) all other information arguably supporting the proposition that a witness has a motive to lie against the defendant.

5

Other Sentencing-Related Issues

       To ensure that defendant's rights to due process and effective assistance of counsel under the United States Constitution are protected, please advise me promptly of all facts and circumstances (including but not limited to documents) known to, or reasonably discoverable by, the government that relate to sentencing issues in connection with this matter (e.g. any alleged relevant conduct of which the government is aware or by the exercise of due diligence may become aware). If you believe Mr. Rogers is subject to enhanced penalties under the sentencing guidelines please provide me with the details of the convictions that so enhance his sentence.

       Defendant submits that, in the event he wishes to consider entering a guilty plea in this case, he cannot knowingly, intelligently, or voluntarily do so without disclosure of such sentencing-related information. In other words, defendant submits that a plea in such circumstances would not be fully informed as to potential sentencing consequences, and could not be knowing, voluntary, and intelligent. See United States v. McKoy, 215 F.3d 102, 108 (D.C. Cir. 2000) (citing United States v. Horne, 987 F.2d 833, 840 (D.C. Cir. 1993) (Buckley, J. concurring)); accord Horne, 987 F.2d at 839-41 (Buckley, J., concurring) ("A bargain . . . is a pragmatic exchange based on an understanding of mutual advantage. A defendant's understanding of the maximum penalties he will face if he enters a guilty plea may be of critical importance . . . to the defendant's decision to accept the Government's offer rather than assume the risks of trial"); U.S.S.G. Section 6B1.2 (Policy Statement), Commentary ("The Commission encourages the prosecuting attorney prior to the entry of a plea of guilty . . . to disclose to the defendant the . . . offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines").

       I would appreciate disclosure of the above-requested information and documents not already produced as soon as possible. Please notify me if any special arrangements may be required.

       Pursuant to Fed. R. Crim. P. 16(c) and other applicable authority, the requests made above are of a continuing nature. We expect that you will forward such information to us as it becomes available to the government. We would appreciate your assistance in ensuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the Court in dealing with last-minute motions or delays relating to trial and preparation for trial.

       Finally, I am also requesting that you advise the investigating law enforcement officers and any other government agents involved in this matter to refrain from any contact with defendant, except with prior notification to, and in the presence of, defendant's attorney. In addition, we request that all government agents be directed to preserve all of their rough notes and other documents or objects that may be material to this case.

Please do not hesitate to contact me if you would like to discuss any of the above requests. Additionally, we welcome the opportunity to discuss non-trial disposition of this matter.

Sincerely,

Tony Axam, Jr.
Assistant Federal Public Defender