# EXHIBIT 4



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

May 11, 2006

J. Michael Hannon, Esq.
Hannon Law Group, LLP
1901 18th Street, N.W.
Washington, D.C. 20009

Re: United States v. Reginald J. Rogers, Crim. No. 05-cr-00292 RWR

Dear Mr. Hannon:

The following paragraphs respond to the numbered paragraphs of your March 16, 2006 letter requesting Brady information and all forms of information discoverable under Rule 16 relating to areas mentioned in the numbered paragraphs:

1. **Persons or clients who expressed satisfaction with any services provided to them by Mr. Rogers-** Please refer to the FBI 302s and notes provided to you on March 23, 2006. The government recently met with several potential witnesses who made statements regarding this issue. Danzel Lewis indicated that she was satisfied with the arrangements Mr. Roger's made on her behalf to live at Sunrise Assisted Living.

Carlotta Green, Godchild of Minnie Beane, noted that she felt that Mr. Rogers took better care of Ms. Beane than anyone else. Ms. Green indicated that Mr. Rogers became involved in helping Ms. Beane and arranged for her to stay temporarily with Ms. Remetter Freeman while he had workers make repairs to Ms. Beane's house that was in bad shape. Ms. Green made the comment that whatever Mr. Rogers took, he earned. She later indicated that her comment was a joke but, in a sense, she did feel that way. Ms. Green also said that Ms. Beane probably would have given Mr. Rogers money if he had asked for it.

Remetter Freeman recently indicated that Mr. Rogers did a great deal to help Ms. Beane, including arranging for repairs to her house, having helpers come in to take care of Ms. Beane, and making arrangements for her funeral.

Elizabeth Hood recently indicated that Mr. Rogers did a good job in making arrangements for herself and other nurses/helpers to take care of Ms. Beane.

2. **Persons or clients indicating that Mr. Rogers was a truthful person or had a reputation for truthfulness**- We have no information on this other than what may be contained in the discovery materials already produced and/or made available for inspection or copying, including the 302s and notes provided to you on March 23, 2006.

3. **Persons or clients indicating that Mr. Rogers was an honest person or had a reputation for honesty**- Same response as para. 2.

4. **Information related to the mental competency of lay witnesses the government intends to call**- We are not aware of any such information not already provided in the discovery materials already produced and/or made available for inspection or copying, including the 302s and notes provided to you on March 23, 2006. In addition, F.R.E. 601 sets forth the rule on competency of witnesses.

5. **Photographs of the victims or the victims homes**- Any such photographs in our possession have been contained in the discovery materials already produced and/or made available for inspection or copying.

6. **Signature cards for all Danzel Lewis accounts**- We do not have these.

7. **Records of D.C. Adult Protective Services re: Minnie Beane, which may have been generated in December of 2001**- Same response as para. 2.

8. **All writings believed to be authored by Hattie Mae Goode which are not included in the Search Warrant documents or in the discovery provided to date**- This request is not limited as to subject matter and is overly broad. To the extent to are requesting writings relevant or material to the charges in this case, we are not aware of any such writings in our possession which are not in the discovery materials already produced and/or made available for inspection or copying.

9. **All documents provided to the government by any relative or attorney for Hattie Mae Goode, Minnie Beane, or other victims**- Enclosed is a copy of a January 3, 2006 Court Order in Hattie Mae Goode v. Reginald J. Rogers, Case No. RWT 05cv2181 (D.MD.). All other documents requested by this paragraph have been contained in the discovery materials already produced and/or made available for inspection or copying.

10. **Communications of any kind between [including all its agencies] and Bar Counsel for the District of Columbia regarding Mr. Rogers**- The government objects to this request in that it seeks information that is irrelevant and immaterial and is not subject to disclosure pursuant to Fed.R.Crim.P.16, Brady or Giglio. Moreover, any such communications would be privileged under the attorney work product doctrine. Please provide an explanation of its relevance to this case and your theory as to why such information would be favorable to the

defense and material to guilt or punishment or is otherwise discoverable.

**Reciprocal Discovery Request**

At this time, the government renews its request for reciprocal discovery, first made in its August 19, 2005 letter to Mr. Roger's prior counsel, Tony Axam. While the government recognizes that the defense has identified a number of documents in its exhibit list, it once again requests the opportunity to inspect and copy all of the defendant's discovery materials as described in the August 19, 2005 letter, including, but not limited to, documents and things and expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Pursuant to Rule 12.1, the government once again requests notice of any alibi defense, pursuant to Rule 12.2, notice of any insanity defense or any intention to introduce evidence of mental condition or defect, and pursuant to Rule 12.3, notice of any defense of public authority.

Please contact me at 353-2453 if you have any questions or need any additional information.

                                          Sincerely yours,

                                          KENNETH L. WAINSTEIN
                                          UNITED STATES ATTORNEY

By: *[signature]*
       John Griffith
       Assistant U.S. Attorney