UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:05-cr-00292-RWR-ALL |
| v. | : |
| | : |
| REGINALD JEROME ROGERS, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO UNITED
STATES' MOTION FOR STATUS CONFERENCE**

Reginald J. Rogers, through his attorneys HANNON LAW GROUP, LLP, presents this response to the Government's Motion for a Status Conference.

1.  Under Local Criminal Rule 16.1, defense counsel is required to request and be denied discovery from the prosecutor before filing any discovery motion. Any motion filed by the defendant for discovery in a criminal case must include a statement that the information sought has been requested from the prosecutor and been refused. Oddly, there is no parallel rule requiring that the prosecution must have requested discovery from a defendant and be denied that discovery before filing its own motion.

2.  The United States has filed a motion to exclude three of the defendant's proposed experts. Mr. Rogers' opposition to that motion shall be filed tomorrow, June 21, 2006, although it is not due until June 25, 2006. Yet, in its motion for a status conference, the United States only asks for a status "to address [the] issue" of Mr. Rogers having identified Lanning E. Moldauer, Ph.D., as an expert witness under Rule 12.2.

3.  The United States has been aware of the identities of five defense experts since March 28, 2006, when Mr. Rogers filed his Witness List. Included in the list was Dr. Moldauer, who is known to the United States as a forensic psychologist.

4.  After this matter was continued from the original trial date of April 6, 2006, counsel for both sides turned their attention to other matters. Assistant United States Attorney John D. Griffith renewed preparation for trial with a letter to counsel for Mr. Rogers on May 11, 2006, requesting among other things notice of the expert testimony proposed by Mr. Rogers.

5.  Obligations by counsel on both sides intervened, and on June 5, 2006, Mr. Griffith sent the following email message to counsel for Mr. Rogers:

> Hope all is well. This is a follow-up to my May 11, 2006 letter (attached) and prior correspondence requesting reciprocal discovery. I was wondering when we can view the discovery materials and obtain the requested information on the experts and any Rule 12 defense.

6.  Because counsel for Mr. Rogers was in Los Angeles for an argument before the Ninth Circuit during that week, Mr. Rogers' written response was not sent to Mr. Griffith until June 12, 2006. Counsel for Mr. Rogers made clear to counsel for the Government that he was prepared to respond to any concerns that the Government might have regarding the scope of the expert disclosures or any procedures the Government might consider in response to the notice of Rule 12.2 defense related to Dr. Moldauer.

7.  Rather than contacting counsel for Mr. Rogers to request additional detail on the experts or to discuss procedures related to the Rule 12.2 defense, the Government kept its own counsel and filed a motion to exclude all three experts' testimony two days later on June 14, 2006. Therefore, it appears that the Government prefers litigation of discovery issues over resolution.

8.  On June 15, 2006, counsel for Mr. Rogers wrote to Mr. Griffith recounting the events of the prior few weeks, and expressing surprise not only at the Government's motion but at its content. A copy of that letter is attached as an Exhibit to this Response.

9. The two prosecutors and an FBI Agent reviewed Mr. Rogers' documents on June 19, 2006, after re-scheduling two prior appointments.

10. Counsel for Mr. Rogers intends voluntarily to provide the Government additional information in connection with Dr. Moldauer, despite the Government's choice of litigation as a means to an end. By this voluntary disclosure, Mr. Rogers does not concede that he is required to provide notice regarding Dr. Moldauer's proposed testimony and does not concede that if notice is required, it is deficient. In addition, with the opposition to be filed tomorrow, Mr. Rogers will bring to the attention of the Court the fact that the Government's motion is neither factually nor legally accurate.

11. Therefore, Mr. Rogers suggests to the Court that it is premature to schedule a status conference. To schedule a status conference at every offense by the Government to discovery production by the defense would interfere with counsel's preparation for trial.

WHEREFORE, Mr. Rogers requests that the Court defer ruling on the Government's request for a status conference.

Respectfully submitted,

HANNON LAW GROUP, LLP

   *//s// J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Defendant Reginald Jerome Rogers*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **DEFENDANT'S RESPONSE TO MOTION FOR STATUS CONFERENCE** was sent via electronic filing this 20th day of 2006, to:

John D. Griffith
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-2304 Facsimile


　　　　　　　　　　　　　　　　　　　　　　　*//s// J. Michael Hannon*
　　　　　　　　　　　　　　　　　　　　　　　J. Michael Hannon