UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-292 (RWR) |
| : | |
| v. : | |
| : | |
| REGINALD JEROME ROGERS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR JUDICIAL NOTICE OF
RULES OF PROFESSIONAL CONDUCT AND MARYLAND CODE PROVISIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves *in limine* for the Court to take judicial notice of certain provisions of the District of Columbia Rules of Professional Conduct and certain provisions of the Maryland Code relating to Trusts and Estates.

## BACKGROUND

A federal grand jury has indicted the defendant Reginald Jerome Rogers for thirteen counts of mail fraud in violation of Title 18, United States Code, Section 1341. The Indictment also seeks criminal forfeiture of the proceeds from the alleged scheme. Paragraph 1 of the Introductory Allegations of the Indictment indicates that as a licensed District of Columbia attorney, the defendant has legally imposed fiduciary duties. These duties, contained in the District of Columbia Rules of Professional Conduct, require the defendant to preserve and protect client funds, properly account for such funds, maintain adequate records, and keep clients informed about the status of matters entrusted to him. Attached as Exhibit 1 are copies of Rules of Professional Conduct 1.3, 1.4, 1.5, 1.8(a) and (b), and 1.15(a),(b) and (c). The manner and means section of the Indictment alleges that to further the scheme the defendant engaged in various activities including using client funds to pay

defendant's personal expenses (¶ 6); controlling client bank statements and other documents to conceal the scheme (¶ 7), making large cash withdrawals from client accounts (¶ 8), transferring client funds to conceal prior diversions (¶ 10), failing to disclose material information to clients (¶ 11), obtaining a loan secured by a client's residence (¶ 12), and refusing to give clients information and giving them false information regarding their funds and assets (¶¶ 13, 14, 15, 17 and 18). Paragraph 11 of the Indictment alleges that as part of the manner and means of the scheme, the defendant disregarded his fiduciary duties by failing to disclose material information to his clients regarding his financial dealings with them.

The Indictment also alleges at paragraph 19 that the defendant caused to be prepared and filed with the Orphan's Court of Prince George's County, Maryland false accounts that did not reflect his diversion of funds. This paragraph relates to the defendant's actions as the attorney and personal representative for the estate of JH. Attached as Exhibit 2 are copies of Sections 7-601, 7-602 and 7-604 of the Maryland Code, Estates and Trusts, that set limits on compensation to personal representatives for estates, require personal representatives to file petitions containing reasonable detail regarding compensation and require court approval for payment of estate attorneys' fees absent written consent from all estate creditors or interested parties. The government anticipates that the evidence will show that contrary to the Maryland Code provisions, the defendant failed to file a petition or seek court approval to take funds from the estate of JH in payment of fees or as compensation and did not obtain written approval from creditors or interested parties to obtain or use such funds.

**ARGUMENT**

The Federal Rules of Evidence provide for the Court to take judicial notice of adjudicative facts as follows: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Rule 201 governs only notice of adjudicative facts. Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Id. advisory committee's note. "Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." United States v. Gould, 536 F.2d 216, 220 (8th Cir. 1976). In Gould, the Court of Appeals held that the District Court had properly taken judicial notice and instructed the jury in a drug case that cocaine hydrochloride was a schedule II controlled substance. Since the notice was that of a legislative fact rather than an adjudicative fact, the court was not required to inform the jury that it could choose to disregard the judicially noticed fact (as required of adjudicative facts by Rule 201(g)). Id. at 221. In United States v. Carlson, 714 F. Supp. 428, 439-41 (D. Haw. 1989), rev'd on other grounds, 900 F.2d 1346 (9th Cir. 1990), the District Court upheld the actions of a Magistrate Judge in a bench trial who took judicial notice of a federal military installation's speeding regulations. Noting that the U.S. Supreme Court in Roemer v. Bd. of Public Works of Md., 426 U.S. 736, 742 n.4, has utilized the practice of taking judicial notice of state regulations which are

readily ascertainable, the District Court found the noticed facts were "legislative" since the contents of the regulations were standardized from case to case. Carlson, 714 F. Supp. at 440; See also, United States v. Bowers, 660 F.2d 527, 530-31 (5th Cir. 1981) (court properly took judicial notice that Fort Benning, Georgia was under jurisdiction of the United States as legislative fact that did not change from case to case). In addition, matters of public record including state statutes and city ordinances represent "common knowledge" properly subject to judicial notice. Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir. 1977), cert. denied, 434 U.S. 968 (1977).

      In the present case, the Maryland Code and the Rules of Professional Conduct are properly characterized as legislative facts subject to judicial notice. The Maryland Code is the product of direct legislative action, whereas the Rules of Professional Conduct are legislative in nature, albeit promulgated by the Board of Governors of the District of Columbia Bar and made effective through Court Order of the District of Columbia Court of Appeals. See Md. Code Ann., Est. & Trusts §§ 7-601, 7-602, 7-604 (West 2006); Order, D.C. Rules of Professional Conduct, No. M-165-88 (D.C. March 1, 1990), *available at* http://www.dcbar.org/for_lawyers/ethics/legal_ethics/rules_of_professional_conduct/order.cfm. These statutes and rules do not vary from case to case, are readily ascertainable and are matters of common knowledge. As such, they are subject to judicial notice and should be presented via instruction to the jury.

WHEREFORE, the government respectfully requests that the Court take judicial notice of Rules of Professional Conduct 1.3, 1.4, 1.5, 1.8(a) and (b), and 1.15(a),(b) and (c) and Sections 7-601, 7-602 and 7-604 of the Maryland Code, Estates and Trusts.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>United States Attorney
>for the District of Columbia

By: _____
>JOHN GRIFFITH
>DIANE LUCAS
>Assistant U.S. Attorneys
>555 4th Street, N.W.
>Washington, D.C.  20530
>(202) 353-2453 (Griffith)
>(202) 514-8097 (Lucas)

I hereby certify that a copy of the foregoing motion was served by facsimile and mail upon defense counsel, J. Michael Hannon, Esquire and Charles I. Cate, Esquire, 1901 18th Street, N.W., Washington, D.C. 20009, FAX: 202-232-3704, on this 23rd day of June, 2006.

_____
John Griffith
Assistant U.S. Attorney