**Rule 1.3. Diligence and zeal.**

(a) A lawyer shall represent a client zealously and diligently within the bounds of the law.

(b) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules; or

(2) Prejudice or damage a client during the course of the professional relationship.

(c) A lawyer shall act with reasonable promptness in representing a client.

RPR0001

§1         RULES OF PROFESSIONAL CONDUCT            Rule 1.4

**Rule 1.4. Communication.**
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

RPR0002

**Rule 1.5. Fees.**

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

(b) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

RULE 1.8 CONFLICT OF INTEREST: PROHIBITED TRANSACTIONS

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) The client consents in writing thereto.

(b) A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.

RPR0004

**RULE 1.15 SAFEKEEPING PROPERTY**

(a) A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in a financial institution which is authorized by federal, District of Columbia, or state law to do business in the jurisdiction where the account is maintained and which is a member of the Federal Deposit Insurance Corporation, or the Federal Savings and Loan Insurance Corporation, or successor agencies. Other property shall be identified as such and appropriately safeguarded; provided, however, that funds need not be held in an account in a financial institution if such funds (1) are permitted to be held elsewhere or in a different manner by law or court order, or (2) are held by a lawyer under an escrow or similar agreement in connection with a commercial transaction. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6.

(c) When in the course of representation a lawyer is in possession of property in which interests are claimed by the lawyer and another person, or by two or more persons to each of whom the lawyer may have an obligation, the property shall be kept separate by the lawyer until there is an accounting and severance of interests in the property. If a dispute arises concerning the respective interests among persons claiming an interest in such property, the undisputed portion shall be distributed and the portion in dispute shall be kept separate by the lawyer until the dispute is resolved. Any funds in dispute shall be deposited in a separate account meeting the requirements of paragraph (a).