UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:05-cr-00292-RWR |
| v. | : |
| | : |
| REGINALD JEROME ROGERS, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
<u>OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY</u>**

Reginald J. Rogers, through his attorneys at HANNON LAW GROUP, LLP, presents this Supplemental Memorandum in Opposition to the Government's Motion to Exclude Expert Testimony.

1.      The Government implicitly contends that Mr. Rogers' counsel intentionally withheld notice of his expert witnesses to gain a tactical advantage. There is not a shred of evidence to support such an assertion or inference. Government counsel were advised in writing and orally that Mr. Rogers saw Lanning E. Moldauer, Ph.D., after the investigation was initiated and during a time when Mr. Rogers was represented by other counsel. The purpose of Mr. Rogers seeing Dr. Moldauer was not to prepare a defense of any kind. Government counsel were told that it was Mr. Rogers' current counsel who decided to identify Dr. Moldauer as a witness days before the initial trial date of April 6, 2006. Therefore, there is absolutely no evidence to even suggest that Mr. Rogers' counsel is attempting to gain some kind of tactical advantage.

2.      Nor does the Government make any plausible argument that Mr. Rogers' current counsel intentionally withheld specific notice of his experts' opinions after identifying them on March 28, 2006. AUSA Griffith in preparing for the new trial date wrote to undersigned counsel in May, emailed in early June, and had a telephone conference with counsel regarding the experts as late as June 12, 2006. There was never any complaint about timeliness on any of those occasions. Presumably, had the expert

disclosures been made in writing on June 12, 2006, the Government would have been satisfied. It was only when the content was presented in writing on June 15, 2006, did the Government fly into action filing a motion seeking exclusion of the experts based in part on untimeliness. The only inference to be drawn from this conduct is that the Government's motion is a strategy either to gain from its sandbagging or to pry out additional information about the defense to which is it not entitled.

3. As further evidence of the Government's lack of concern regarding the timeliness of the disclosure, in response to Mr. Rogers' counsel's lengthy letter of June 15, 2006, attached as an exhibit to Mr. Rogers' initial opposition memorandum, AUSA Griffith wrote as follows:

> A primary problem that has necessitated our motion is your notice regarding Dr. Moldauer. As noted in our motion, your notice suggests that Dr. Moldauer will opine about the defendant's mental state without identifying the mental disease, defect or condition from which the defendant suffers. He plans to testify about the issues of intent to defraud, which is obviously the ultimate issue in this case.
>
> . . . [W]e do not have adequate information to retain our own expert.

John Griffith Letter of June 19, 2006, attached. AUSA Griffith in the letter says nothing about the notice regarding Ms. Sampeck or Mr. Varone. Moreover, the Government now acknowledges – as Mr. Rogers' counsel had contended – that "Rule 12.2(b) does not specifically require disclosure of the actual diagnosis of the mental condition that the expert expects to testify to." Government's Reply Memorandum at 7. Mr. Griffith's concern about an opinion as to the ultimate issue goes to admissibility, not sufficiency of notice. Finally, if the Government wishes to retain its own expert or to seek an examination from the Court, it knows that Dr. Moldauer is a psychologist. The contention that it cannot determine whether to retain "an addiction specialist, medical doctor or priest" is really unproductive of the Court's deciding this matter.

4. Further, as counsel for Mr. Rogers promised, additional information regarding the

expert notice was provided by letter on June 23, 2006.  Specific questions from the Government were answered; for example, counsel were told that Dr. Moldauer conducted no testing, did not prepare any written report, did not form a diagnosis, and does not have any "professional documentation of his opinions."  J. Michael Hannon Letter of June 23, 2006, attached.  The original notice contains more detail than any the Government provides, and goes well beyond any of the notices criticized by the authorities cited by the Government.  The Government's complaints about the notice are more germane to its motion to exclude the testimony on relevance grounds, which Mr. Rogers' shall answer in due course.1

5. In the letter of June 23, 2006, counsel for Mr. Rogers also supplemented the notice with respect to Ms. Sampeck and Mr. Varone.

6. The Government urges the Court to grant its motion, seeming to encourage the Court to do so because the appellate standard of review is abuse of discretion.  However, the Government has failed to establish the following factors which are a pre-requisite to exclusion at the trial level:  (1) whether a violation occurred in the first instance; (2) whether the "delay" in providing notice was a product of bad faith; (3) whether the Government is prejudiced; and, (4) whether the prejudice can be cured.  United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988).  In applying all of the factors, if the Court concludes that there is a violation, it should impose the "least severe sanction that will accomplish . . . prompt and full compliance with the court's discovery orders."  848 F.2d at 1060.  The Government does not articulate any prejudice, simply parroting general language from the case law.  What does the Government truly not

---

1  The Government complains that it was not provided with Dr. Moldauer's curriculum vitae. It has been provided, along with the resumes of Ms. Sampeck and Mr. Varone.  Should this be an important issue for the Court, Mr. Rogers would ask for a hearing to determine whether the Government already were aware of the qualifications of these three experts.  AUSA Griffith even placed a telephone call to Ms. Sampeck, which she did not return.

understand?

7.	The Government also claims that Mr. Rogers has offered no cause for the Court to allow late notice. That is patently false. The correspondence and the opposition memorandum make clear that counsel for the Government and Mr. Rogers have been in personal contact throughout this matter. As Government counsel was preparing for trial, seeking further information on the experts, counsel for Mr. Rogers was reporting obstacles to his timely response to the Government inquiry. The response of Government counsel was "fine". Had the Government at any step stated that it needed notice immediately, it would have been provided.

8.	Under the circumstances, the defense proposes that the Government's motion to exclude is itself a strategy. On almost a daily basis, Government counsel notify the defense of additional witnesses, additional exhibits, modifications of summary charts, and modifications of summary exhibits of bank records. Several times a day, the defense could seek Court intervention and the exclusion of all such evidence; however, actual prejudice is a pre-requisite to seeking Court intervention in the discovery process which should operate through the cooperation of counsel.

WHEREFORE, defendant Reginald J. Rogers respectfully requests that the Government's Motion be denied.

Respectfully submitted,

HANNON LAW GROUP, LLP

*//s// J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Defendant Reginald Jerome Rogers*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **DEFENDANT'S SUPPLEMENT MEMORANDUM IN OPPOSITION TO MOTION TO EXCLUDE EXPERTS** was sent via electronic filing this 29th day of June, 2006, to:

John D. Griffith
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-2304 Facsimile

*//s// J. Michael Hannon*
J. Michael Hannon