UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:05-cr-00292-RWR |
| v. | : |
| | : |
| REGINALD JEROME ROGERS, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S SUPPLEMENTAL NOTICE OF EXPERT TESTIMONY**

Reginald J. Rogers, through his attorneys at HANNON LAW GROUP, LLP, presents this Supplemental Notice of Expert Testimony pursuant to the Court's order of the morning of July 5, 2006. Defendant presents this supplementation without prejudice to his prior legal positions on this issue:

**Lanning E. Moldauer, Ph.D.**:

Dr. Moldauer bases his opinions on his seven meetings with Reginald J. Rogers in a therapeutic setting, his review of documents in this case including the FBI Interview of Mr. Rogers, the Indictment, and discussions with counsel for Mr. Rogers in which they presented some of the facts expected to be proven in the Government and the Defense case. Dr. Moldauer is expected to testify to the following opinions:

1. Because of his family history, upbringing and life experiences before becoming a member of the bar, Mr. Rogers was predisposed to attract as clients and to serve as clients elderly members of the community, predominantly the African-American community in which he and his family live and worship;

2. Because of his family history, upbringing and life experiences before becoming a member of the bar, Mr. Rogers was predisposed to be particularly empathetic to the condition and needs of elderly clients, particularly women;

3. Because of his family history, upbringing, his religious training, and life experiences before becoming a member of the bar, Mr. Rogers was predisposed to take on inordinate responsibilities for his elderly clients, and to undertake sole responsibility for their care where other attorneys would have not, and to allow his duty to fulfill those responsibilities to overcome his capacities to care for a business and his own family matters;

4. Because of a number of crises in his personal and family life, including a life-threatening illness of his wife and the profound disabilities of his adult son, Mr. Rogers capacity to function as a sole practitioner was severely strained and he was incapable of attending to the administrative details of a sole, elder care practice;

5. Because of his family history, upbringing, his religious training, and life experiences before becoming a member of the bar, Mr. Rogers allowed himself to be expropriated by some of his elderly clients – particularly Hattie Mae Goode and Minnie Beane – as their surrogate son. This position imposed severe pressures on Mr. Rogers to fulfill his self-imposed obligations to care for the every need;

6. Because of the foregoing factors, Mr. Rogers was unable to take a detached and dispassionate view of his role with respect to Hattie Mae Goode and Minnie Beane, and other of his elder clients. Mr. Rogers took on matters for these clients that went beyond his capacities to deal with as an attorney and took on matters that other attorneys would shun.

7. Because of the foregoing, Dr. Moldauer may opine that Mr. Rogers became paralyzed in dealing with the allegations of this criminal case, the allegations of Bar Counsel, and the allegations in the civil suit brought against him by Hattie Mae Goode. Mr. Rogers did not respond appropriately to

these matters because of the factors above, and was unable to function to respond properly to the Bar Counsel proceeding and the civil case.

**Kathleen F. Sampeck**:

1.   Ms. Sampeck's expert testimony, based on her education and experience and on the facts of this case, is expected to testify as to the following:

2.   The particular needs of the elderly with respect to living accommodations, medical care, transportation, nutrition, financial and emotional security, psychological well being, mental stimulation, companionship, and other similar needs.

3.   The advantages and disadvantages of various living arrangements for the elderly, such as, in-home care, assisted living and nursing home care.

4.   The benefits to elderly persons of being able to continue to live in their own homes.

5.   The cost of elder care, including the relative costs of alternative living arrangements.

6.   The benefits of having a family member or other responsible person overseeing the care of an elderly person.

7.   The traditions and practices of care of the elderly in the families and communities of the District of Columbia.

8.   The value of the services provided by Reginald Rogers to his clients.

**Edward G. Varrone, Esq**.

Based on his education and experience, including his practice of Elder Law in the District of Columbia and Maryland, and on the facts and documents of this case, Mr. Varrone is expected to testify to the following:

1.   The use of Powers of Attorney and other estate planning devices with respect to the

needs of the elderly.

2. The authority of an attorney in fact under powers of attorney, including the powers of attorney executed by Hattie Mae Goode, Minnie Beane, Danzel Lewis and others. Mr. Varrone will testify that the expenditures of Mr. Rogers were authorized by the Power of Attorney; The services, both ordinary and extraordinary, provided by attorneys engaged in the practice of Elder Law in the District of Columbia and in Maryland.

3. The fees customarily charged by attorneys practicing Elder Law in the District of Columbia and Maryland.

4. The disclosure and billing procedures under a power of attorney when the principal is incapacitated.

5. Whether the Rules of Professional Conduct apply to Mr. Rogers' relation to his clients and whether Mr. Rogers violated any such rule.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____*//s// J. Michael Hannon*_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorneys for Defendant Reginald Jerome Rogers*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing **DEFENDANT'S SUPPLEMENT MEMORANDUM IN OPPOSITION TO MOTION TO EXCLUDE EXPERTS** was sent via electronic filing this 5th day of July, 2006, to:

John D. Griffith
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-2453
(202) 307-2304 Facsimile


                                                *//s// J. Michael Hannon*
                                                J. Michael Hannon