UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:05-cr-00292-RWR |
| v. | : |
| | : |
| REGINALD JEROME ROGERS, | : |
| | : |
| Defendant. | : |

### DEFENDANT'S REPLY TO THE COURT'S ORDER OF JULY 7, 2006

Reginald J. Rogers, through his attorneys at HANNON LAW GROUP, LLP, presents this Memorandum in Response to the Court's Order of July 7, 2006.

The Court has asked the parties to address the question of whether the notes taken by Lanning E. Moldauer, Ph.D., in his interviews with Defendant Reginald J. Rogers constitute Jencks material pursuant 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

The authority originally provided by Mr. Rogers consisted of two cases, United States v. Dennison, 937 F.2d 559 (10th Cir. 1991) and United States v. Marenghi, 893 F. Supp. 85 (D. Me. 1995). The Marenghi case, although mainly focusing on Fed. R. Crim. P. 16(b)(1)(B), briefly mentions Fed. R. Crim. P. 26.2 in footnote 21. It is this footnote that has prompted the Court's Order of July 7, 2006. The footnote reads as follows, "[b]oth parties have acknowledged that any reports or statements prepared by any expert testifying at trial become discoverable under Rule 26.2 immediately after the conclusion of such testimony . . . ." Id. at 99 n. 21.

Footnote 21 is merely dicta, and like most dicta, suffers from the malady of not having been thoroughly explored by the parties or the court in that case. Given the nature of footnote 21, it is not surprising that defendant has found no case law on the issue of Fed. R. Crim. P. 26.2 and its application to the production of notes by an expert who interviews a defendant in the context of a mental condition examination.

Upon examination of the <u>Marenghi</u> case, it is difficult to understand why footnote 21 is even included in the case. Whereas "reports and statements" made by witnesses constitute Jencks, those same reports and statements, when made by an expert witness, generally are discoverable prior to trial under Fed. R. Crim. P. 16(b)(1)(C). This rule requires the defendant to give the government, "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 or the Federal Rules of Evidence as evidence at trial, if … (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." One would assume that "reports and statements" described in the Marenghi case – had they existed – would have been produced before trial under Rule 16. There may be a gap between an attorney produced "written summary" and the expert's "report." One can hypothesize cases where a party would provide a "written summary" of the expert but not the report or statement until after the expert testifies.

In any event, Marenghi's concern does not apply to Dr. Moldauer's notes.

Dr. Moldauer's notes cannot be considered Jencks for the following reasons:

1.     Dr. Moldauer's notes are not a substantially verbatim record of <u>his</u> prior statements; and Jencks applies only to statements of the witness;

2.     The cryptic notes taken by Dr. Moldauer of things said by Reginald J. Rogers -- even if substantially verbatim which they are not – are explicitly excluded by Jencks, since Jencks does not apply to statements made by the defendant: "[a]fter a witness *other than the defendant* has testified on direct examination, the court . . . must order . . . the defendant's attorney to produce, … any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." (emphasis added).

Since the notes are of statements made by the defendant, they are not producible under Jencks.

                Respectfully submitted,

                HANNON LAW GROUP, LLP

                 *//s// J. Michael Hannon*
                J. Michael Hannon, #352526
                1901 18th Street, N.W.
                Washington, DC 20009
                (202) 232-1907
                (202) 232-3704 (facsimile)
                jhannon@hannonlawgroup.com

                *Attorneys for Defendant Reginald Jerome Rogers*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **DEFENDANT'S REPLY TO COURT'S ORDER OF JULY 7, 2006** was sent via electronic filing this 10th day of July, 2006, to:

John D. Griffith
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-2304 Facsimile

                *//s// J. Michael Hannon*
                J. Michael Hannon