UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. CR-05-0292 (RWR) |
| | : | |
| REGINALD J. ROGERS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence at Sentencing Guidelines level 25, resulting in a sentencing range of 57 to 71 months imprisonment.

**I.      BACKGROUND**

On July 26, 2006, the jury found defendant Reginald J. Rogers guilty of thirteen counts of Mail Fraud in violation of 18 U.S.C. Section 1341. The jury also returned a forfeiture verdict indicating that $385,000 in proceeds derived from the defendant's scheme was subject to forfeiture.

**II.     SENTENCING CALCULATION**

    A      Statutory Maximum

The maximum sentence for each count of mail fraud is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release.

    B.     Sentencing Guideline Calculation

The Presentence Report ("PSR"), calculates the defendant's total offense level at 23. See

PSR ¶ 25.  This includes the base offense level of seven (§ 2B1.1(a)(1)), twelve-levels for "loss" of more than $200,000 (§ 2B1.1(b)(1)(G)), two levels for vulnerable victims (§3A1.1(b)(1)) and two levels for abuse of position of trust (§3B1.3).

The government agrees with the guidelines calculation with the exception of the loss calculation of more than $200,000 and less than $400,001.  While the jury found that $385,000 constitutes, or is derived from proceeds traceable to the mail fraud scheme, this figure is not controlling for sentencing purposes.  Section 2B1.1 *application note 3(A)(I)* provides: "'Actual Loss' means the reasonably foreseeable pecuniary harm that resulted from the offense".  Section 2B1.1 *application note 3(E)(i)* provides for a credit against loss for property returned to victims **prior** to the earlier of: "I) the time the offense was discovered by a victim or government agency; or II) the time the defendant knew or reasonably should have known that the offense was detected or about to be detected by a victim or government agency".  At trial, the government's estimate of net loss to the victims was $488,679.  This figure credited the defendant for all payments between client accounts and coming from his accounts, including over $80,000 in repayments to the Henderson estate after November 25, 2003, the date of Agent Cotter's interview of the defendant.  Following the standard set forth in *application note 3(E)(I)*, the Henderson estate repayments should be included, which yields a loss total of over $568,000.

As an alternative, the Court could determine the loss based on an intended loss analysis, that is the pecuniary harm that was intended to result from the offense.  2B1.1 *application note 3(E)(ii)*.  Based on this analysis, all of the payments between the defendant's client accounts would be included in the loss total because they were "vital to the longevity of the scheme".  See, United States v. Loayza, 107 F.3d 257, 266 (4th Cir. 1997) (payments to earlier investors in ponzi

scheme did not reduce intended loss).  Taking these payments into account, the intended loss is well over $500,000.  Based on either an actual or intended loss analysis, the loss for sentencing purposes should be more than $400,000 and less than $1,000,001, increasing the offense level by fourteen (§ 2B1.1(b)(1)(G)) and yielding an total offense level of 25.  This results in a sentencing range of 57 to 71 months based on the defendant's criminal history, Category I.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


        _____
        JOHN GRIFFITH
        DIANE LUCAS
        Assistant United States Attorneys
        Fraud & Public Corruption Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 353-2453