UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-292 (RWR) |
| : | |
| v. : | |
| : | |
| REGINALD JEROME ROGERS, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MOTION FOR ISSUANCE
OF SUBPOENA RELATING TO APPARENT BOND VIOLATION

The United States of America ("the government"), through undersigned counsel, moves the Court for an Order, pursuant to Federal Rule of Criminal Procedure 17(c) authorizing the issuance of a subpoena *duces tecum* to Sunrise Assisted Living, 5111 Connecticut Avenue, N.W, Washington, D.C. 20008 ("SAL") for records of MT, an elderly resident of SAL.  The government has reason to believe that defendant Reginald Rogers is currently handling the financial affairs of MT, in violation of a condition of his August 8, 2005 Release Order (Exhibit 1).

### Background

On August 8, 2005, defendant Reginald Rogers made his initial appearance in the instant case.  Since that time, the defendant has been released subject to a Release Order requiring him, *inter alia,* to immediately cease acting in any fiduciary capacity for persons other than immediate family members and not engage in any further financial transactions involving such persons.  In subsequent Court appearances in this case, the defendant has agreed to continue abiding by all conditions of his August 8, 2005 Release Order.

Special Agent John Cotter has received information from Joseph Jones, a relative of MT, a resident of Sunrise Assisted Living, indicating that Jones believes that the defendant is

currently handling MT's financial affairs.  (Exhibit 2, Declaration of Special Agent John Cotter "Cotter Declaration").  On January 19, 2007, Agent Cotter contacted Sharon O'Connor, Assisted Living Coordinator for SAL, who confirmed that Mr. Rogers is MT's contact person and handles MT's financial and other affairs.  Cotter Declaration, pp. 1 and 2.  Roger's involvement with MT financial affairs appears to be in violation of his bond condition.  O'Connor notes that with the proper legal order, she will make herself, the SAL staff and the appropriate SAL records available. Cotter Declaration, pg. 2.

## Analysis

<u>Fed. R. Crim. P. 17(c)</u>

Fed. R. Crim. P. 17(c) permits the Court to direct that documents subpoenaed by parties be produced prior to trial.  The rule provides:

> (c) **For Production of Documentary Evidence and Objects.**  A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein.  The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive.  <u>The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.</u>

Fed. R. Cr. P. 17(c) (emphasis added).

In this case, the trial has already taken place and defendant is awaiting sentencing.  There is currently no sentencing date set or other evidentiary hearing scheduled.  The records being sought would likely be introduced as evidence at a bond violation hearing and are relevant to the question of whether the Government and/or Pretrial Services will seek such a hearing.  Attached is a proposed subpoena directed to SAL that is complete, but for the full name of MT, which will

be included if the subpoena is authorized.  Exhibit 3.  Also attached is a proposed Order authorizing the issuance of the subpoena.  Exhibit 4.

    WHEREFORE, the Government respectfully requests that the Court authorize the issuance of a  subpoena *duces tecum* to Sunrise Assisted Living for records relating to resident MT.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney
                              for the District of Columbia

By:    _____
        JOHN GRIFFITH
        Assistant U.S. Attorney
        Iowa Bar No. 4622
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 353-2453
        (202) 307-2304 (fax)