UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05- 292 (RWR)** |
| v. | : | |
| **REGINALD J. ROGERS** | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION FOR BOND REVOCATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for revocation of defendant's personal recognizance bond. As set forth in the affidavit of Federal Bureau of Investigation Special Agent John C. Cotter (attached hereto as Exhibit 1), defendant Rogers has wilfully violated a material condition of his August 8, 2005 release by acting as power-of-attorney for MT, an elderly resident of Sunrise Assisted Living, 5111 Connecticut Avenue, N.W., Washington, D.C., and engaging in financial transactions involving her accounts.

The government requests a forthwith hearing on this motion.

### Background

On August 5, 2005, a federal grand jury returned a 13 count indictment against defendant charging him with multiple counts of mail fraud. At the time of his Indictment, the defendant was an attorney licensed in the District of Columbia who specialized in handling the financial affairs of

1

elderly people. The charges related to the defendant's activities in defrauding certain elderly clients of their life savings. On July 26, 2007, the defendant was found guilty at trial of all thirteen mail fraud counts against him. The defendant is currently awaiting sentencing.

At defendant's arraignment on August 8, 2005, the parties submitted a typed and signed additional condition of release that prohibits the defendant from acting as a fiduciary or power of attorney, or otherwise engaging in financial transactions for anyone other than family members. This written agreement was attached to and made part of the conditions of release form. These documents are attached as Exhibit 2. The government specifically requested this additional condition because of its concern that the defendant may attempt to control and fraudulently divert for his own use the funds of elderly clients not referenced in the Indictment.

Defendant – after being admonished of the possible consequences for violating any condition of his release – signed the release order and was released on his personal recognizance. The defendant's release conditions have not been modified since that time. During court appearances by the defendant, he has been routinely reminded that these conditions remain in effect.

### Defendant has willfully violated release conditions and his personal recognizance bond should be revoked

Title 18 United States Code, section 3148(a) provides: "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Title 18 United States Code, section 3148(b) sets forth the protocol and standard of judicial review for revocation of release:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–

>    (1) finds that there is--
>
>        \*   \*   \*
>
>    (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>    (B) the person is unlikely to abide by any condition or combination of conditions of release.

Although the standard of proof is clear and convincing evidence that defendant has violated the additional condition that he refrain from acting as power of attorney or engaging in financial transactions for persons other than family members, the proof here goes well beyond that standard. Defendant – after having explicitly agreed to this restriction, acted as power of attorney for MT and handled various financial transactions for MT up until just a few months ago, despite being disbarred by the D.C. Court of Appeals for stealing the life savings of one client and then being found guilty of thirteen counts of mail fraud for his scheme to defraud elderly clients of their life savings in this Court.

Defendant's brazen violations of the release condition establishes that a stern warning will not reasonably assure that the defendant refrain from handling the finances of elderly persons who are likely to be particularly vulnerable to the defendant's fraudulent conduct. Defendant now has a proven track record of flaunting judicial directives designed to prevent a recurrence of the very activity that was the subject of defendant's prosecution. Permitting defendant to continue on

personal recognizance bond creates an unduly high and wholly unnecessary risk to the community that includes elderly persons who would be particularly susceptible to the defendant's overtures. The Court need not indulge this risk; the record well establishes that defendant violated an important condition of his release and that there are no conditions or combination of conditions that will assure the continued financial safety of these elderly persons or the community. <u>See</u> 18 U.S.C. §§ 3143(a)(2)(B) and 3148(b)(2)(B).

## **Conclusion**

For the foregoing reasons, the government requests a forthwith hearing on this motion and revocation of defendant's bond.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
JOHN GRIFFITH
DIANE LUCAS
ASSISTANT U.S. ATTORNEYS
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 353-2453