## DECLARATION OF SPECIAL AGENT JOHN COTTER

I am employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) assigned to the Northern Virginia Resident Agency of the Washington Field Office. I have been an FBI SA for approximately 24 years and have been involved in white collar investigations the entire time. Since late 2003, I have been assigned as case agent on the investigation and subsequent prosecution of Reginald J. Rogers of Bowie, Maryland (Rogers). I have received the following information in connection with this investigation:

1. MT is an elderly person currently residing at Sunrise Assisted Living, 5111 Connecticut Avenue, N.W, Washington, D.C. 20008 ("SAL"). MT is not related to Rogers. On January 19, 2007, I interviewed Joseph Jones, nephew of MT. Jones indicated that Rogers placed MT into SAL approximately two years ago. Jones also noted that MT is very protective of Rogers and gets defensive if any family members say anything negative about him. According to Jones, MT refused to divulge anything about Rogers or MT's financial affairs. Jones stated that approximately seven or eight months prior to our interview, he received a call from Kaiser Pharmacy, 1011 North Capitol Street, Washington, D.C., concerning MT running out of medicine and the need for someone to pay for future prescriptions. Jones stated that he arranged to make payment, but then learned from a Kaiser Pharmacy employee that ROGERS had reappeared and would be handling the matter from then on.

2. On January 19, 2007, I interviewed Sharon O'Connor, assisted living coordinator at SAL. Ms. O'Connor stated that she supervises the affairs of MT. She further stated: 1) SAL staff considers MT to be of sound mind; 2) without going into

detail because of privacy issues, MT relies on Rogers and not family to handle MT's affairs; 3) MT's family rarely visits; 4) Rogers seems to be wonderful to MT and not only comes on a moment's notice, but also does nice personal things and handles her every need; 5) when SAL staff need something, they contact Rogers; and 6) Rogers handles MT's financial needs as well. Ms. O'Connor assured me that with the proper legal order, she would make herself, the SAL staff and all the appropriate SAL records available for interviews and review.

3. A short while before my interview with O'Connor, Jones had informed her that Rogers had been found guilty of fraud charges and was awaiting sentencing. As a result of Jones call, O'Connor contacted the District of Columbia Long Term Case Ombudsman to inform them of the issue and see if they could meet with MT. Mary Ann Parker, counsel for the District of Columbia Long Term Care Ombudsman, met with MT to inform MT about Rogers' court status, including the bond condition that prohibits him from acting as power of attorney. MT thereafter decided to revoke Rogers' power of attorney. On February 9, 2007, MT signed and caused to be delivered to Rogers a notice revoking his power of attorney over her affairs. MT thereafter named Joseph Jones as her power of attorney going forward.

4. On April 13, 2007, Jones sent SAL a letter authorizing it to make available to me records of MT. On April 27, 2007, I visited SAL and obtained MT's records from O'Connor. These records further confirmed that Rogers was acting as power of attorney for MT up until February 9, 2007.

5.  Also on April 27, 2007, I interviewed MT. MT indicated that Rogers had been helping her with her bills by paying them out of her account. MT identified a cancelled check drawn on her Bank of America checking account as being representative of checks that Rogers wrote and MT signed. MT also allowed me to look in a large brown envelope on her night stand that had been sent from Rogers. Inside the envelope were unopened envelopes from QD Pharmacy, Frederick, MD and Michael L. Rahn, DPM, Washington, D.C., sent during the time frame from late February, 2007 through early April, 2007. These unopened envelopes are addressed to Rogers at PO Box 77741, Washington, D.C. 20013, an address used by Rogers during his mail fraud scheme. They also contain the following U.S. Postal Service forwarding notice: "Notify sender of new address, Rogers' Reginald J., PO Box 46, Bowie, MD 20719-0046". I obtained copies of the front covers of these envelopes.

6.  Jones has provided me with bank records for MT's account at Bank of America. These records contain numerous checks dated and negotiated after August 8, 2005 which appear to have been written by Rogers and signed by MT.

I hereby swear/affirm that the information contained in this declaration is true and accurate under penalty of perjury.

John C. Cotter
Special Agent, Federal Bureau of Investigation

5/10/07
Date