**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:05-cr-00292-RWR |
| v. : | |
| : | |
| REGINALD JEROME ROGERS, : | |
| : | |
| Defendant. : | |

**REGINALD J. ROGERS' RESPONSE**
**TO GOVERNMENT'S MOTION FOR BOND REVOCATION**

Defendant Reginald J. Rogers, by and through his attorneys, HANNON LAW GROUP, LLP, hereby responds to the Government's motion to revoke his personal recognizance bond and requests that the Court continue Mr. Rogers' release on his personal recognizance. In support of his request Mr. Rogers represents as follows.

The specific conditions on which the Court released Mr. Rogers were that for any estates or persons other than his immediate family, he

1. "immediately cease acting in a fiduciary capacity, including but not limited to being power-of-attorney, guardian or personal representative" and

2. "not engage in any further financial transactions involving such estates or persons".

Contrary to the government's representations he has done none of these and has not violated the conditions of release imposed by the Court.

The government alleges that Mr. Rogers "act[ed] as power-of-attorney for MT, an elderly resident of Sunrise Assisted Living". MT is Mildred Tucker, a former client of Mr. Rogers. <u>In fact, Mr. Rogers has never had a power of attorney from Mildred Tucker</u> and none has been proffered by FBI Agent Cotter, who claims that Mildred Tucker

revoked Mr. Rogers' power of attorney on February 9, 2007.  In fact, Ms Tucker, in 2004, had executed a power of attorney (drafted by Mr. Rogers) in favor of her nephew, Joseph Bernard Jones.  Agent Cotter also claims that he obtained Ms. Tucker's records from Sunrise and that those records "further confirmed that Rogers was acting as power of attorney for MT".  Defendant submits that Sunrise would not allow anyone to act as a resident's "power of attorney" without having a copy of that document on file.  And yet Agent Cotter is unable to produce such a document to substantiate his claims.  Nor has Agent Cotter produced a single check or other document signed by Mr. Rogers for Mildred Tucker in any fiduciary capacity, power of attorney or otherwise.  Instead he cites "numerous checks dated and negotiated after August 8, 2005 which appear to have been written by Rogers and signed by MT", which, we submit, demonstrates not only that Mr. Rogers had no power of attorney to sign checks for Ms. Tucker, but that he also took pains to avoid acting in a fiduciary capacity for Ms. Tucker.  Filling out checks or other forms for another person to sign is nothing more than a clerical function.  It can be done by a child in elementary school.  It is not a financial transaction and it certainly does not require a power of attorney or other fiduciary capacity.

      Agent Cotter, in support of his contention that Mr. Rogers has been acting as power of attorney for Ms. Tucker states that he found in Ms. Tucker's room, a large manila envelope (apparently sent to Ms. Tucker by Mr. Rogers) containing <u>unopened</u> mail addressed to Mr. Rogers from Ms. Tucker's doctor and pharmacist.  In other words, Mr. Rogers had returned misdirected mail to Ms. Tucker, unopened.  From this he assumes that Mr. Rogers had made arrangements to have Ms. Tucker's mail sent to him.  In fact, however, it was Sunrise that was giving Mr. Rogers' address to Ms. Tucker's

doctors and Kaiser Permanente.  This was in spite of the fact that Mr. Rogers, shortly after his arrest, had had a meeting with Ms. Tucker and Shelley Harris (a Sunrise official) and informed them of his legal problems, stating that he would no longer be able to continue acting as Ms. Tucker's attorney.  Nevertheless, apparently for its own convenience, Sunrise continued to call on Mr. Rogers whenever Ms. Tucker needed anything, and although he did what he could to help, he avoided acting in a fiduciary capacity or engaging in financial transactions on Ms. Tucker's behalf.

When the government, in early 2007, notified undersigned counsel that it was seeking to subpoena Sunrise's records with respect to Ms. Tucker, defendant realized that even these small acts of kindness toward Ms. Tucker were objectionable to government's counsel.  He therefore immediately ceased helping her and has continued to try to avoid even the appearance of violating the conditions of his release.  This clearly demonstrates that Mr. Rogers will strictly comply with any ascertainable conditions imposed by the Court.

## POINTS AND AUTHORITIES

As the government has pointed out in its Motion, in order to justify revocation of Mr. Rogers bond, the government has the burden of proving by clear and convincing evidence (18 U.S.C. §3148(b)(2)) that he has actually violated a condition of his release <u>and</u> that there is no condition or combination of conditions that will assure that he will not flee or pose a danger to the <u>safety</u> of any other person or the community, <u>and</u> that he is unlikely to abide by any condition or combination of conditions of release.  The government's motion falls flat on all three of these requirements.

The government has offered no proof that Mr. Rogers had a power of attorney

from Ms. Tucker; exercised any control over her funds; or acted in any way that would require a power of attorney or fiduciary capacity.  On the contrary, his conduct, evidences a concern for the welfare of Ms. Tucker that is corroborated by the report of the assisted living coordinator at Sunrise (as reported by Agent Cotter): "Rogers seems to be wonderful to MT and not only comes on a moment's notice, but also does nice personal things and handles her every need"; "MT's family rarely visits"; "MT relies on Rogers and not family to handle MT's affairs"; "when [Sunrise] staff need something, they contact Rogers".  And yet Agent Cotter, having gone through Ms. Tucker's bank records since August 8, 2005 is unable to point to a single payment to Mr. Rogers for these services.

      Nothing in the government's proffer of evidence suggests that Ms. Tucker or any other person or the community has suffered from Mr. Rogers' kindness during his release on personal recognizance.  There is no indication of risk of flight or danger to public safety.  Mr. Rogers has been obedient to the Court's confidence in him, for example, traveling with Court permission to his son's graduation.  The Government consented to his request to travel, despite its distorted view of Mr. Rogers' contacts with Mildred Tucker.

      Finally, the fact that Mr. Rogers' stopped assisting Ms. Tucker, once he became aware of the government's disapproval, demonstrates that he is committed to abiding by whatever ascertainable standards are imposed on him.

## CONCLUSION

The government has failed to sustain its burden of proving by clear and convincing evidence that Mr. Rogers is not entitled under 18 U.S.C. §3142 to remain

released on his personal recognizance with the conditions that have been set. The government's Motion for Revocation of Bond should therefore be denied. In the event the Court contemplates any other action on the Motion, Defendant requests a hearing on the matter.

                                              Respectfully submitted,

                                              HANNON LAW GROUP, LLP

                                              *//s// J. Michael Hannon //s//*
                                              J. Michael Hannon, #352526
                                              1901 18th Street, N.W.
                                              Washington, D.C. 20009
                                              (202) 232-1907
                                              (202) 232-3704 Facsimile
                                              jhannon@hannonlawgroup.com
                                              *Attorney for Reginald J. Rogers*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Response to Government's Motion for Bond Revocation and Order were sent via electronic transmission this 25th day of May 2007, to:

John Griffith, Esq.
Diane Lucas, Esq.
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530

                                              *//s// J. Michael Hannon //s//*
                                              J. Michael Hannon