UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05- 292 (RWR)** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **REGINALD J. ROGERS** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR BOND REVOCATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its reply to defendant Reginald Roger's Response to Government's Motion for Bond Revocation.

The defendant first claims that he never had a power of attorney from MT, whom he discloses as Mildred Tucker in his filed response. It appears that this would be news to Ms. Tucker, who on February 9, 2007 signed and sent to the defendant a document titled "Notice of Revocation of Power of Attorney." This document, attached as Exhibit 1, states "I, Mildred J. Tucker, hereby revoke the power of attorney agreement naming you, Reginald J. Rogers, as my power of attorney. Effective immediately, you are no longer to take any part in my financial affairs". Also on that date, Ms. Tucker submitted to Sunrise Assisted Living a document titled "Removal of Reginald J. Rogers as my Power of Attorney", noting that the defendant was no longer permitted to handle her personal affairs. (Exhibit 2). Furthermore, the question of whether the defendant was technically "given a power of attorney" by Ms. Tucker is of no moment, because the additional conditions of release agreement he signed at his initial appearance prohibits him from "acting in any fiduciary capacity,

<u>including but not limited to</u> being power of attorney, guardian or personal representative . . ." for persons other than family members. The agreement further provides that the defendant shall not engage in any further financial transactions involving persons other than family members, whether or not he is acting in a fiduciary capacity.

      The defendant does not appear to contest that he filled out all the handwritten information on Ms. Tucker's checks other than her signature and then presented said checks for negotiation with Ms. Tucker's creditors, including Sunrise Assisted Living. He takes the rather remarkable position that this is nothing more than a "clerical function" that an elementary school student could do and these activities do not constitute financial transactions. Since the defendant's bond conditions, including his agreed additional conditions of release, were entered pursuant to 18 U.S.C. Section 3142(c) , it is helpful to review how Title 18 defines a financial transaction. 18 U.S.C. Section 1956(c)(2) provides that a financial transaction includes a transaction involving the movement of funds by wire or other means or involving one or more monetary instruments. Section 1956 also provides that the term "conducts" in connection with a financial transaction "includes initiating, concluding, or participating in initiating, or concluding a transaction." These provisions are clearly designed to prevent the type of myopic argument that the defendant is attempting here. Sunrise Assisted Living for its part believed that the defendant was the person solely responsible for Ms. Tucker's financial transactions, as evidenced by Exhibit 3, correspondence sent to him on March 9, 2006 (approximately four months prior to trial) requesting that he review payments made on Ms. Tucker's behalf and remit the payment balance. Notwithstanding defendant's word games, there is no escaping the conclusion that he was engaging in financial transactions involving Ms. Tucker's money in violation of his bond conditions.

The defendant claims that "shortly after his arrest, he had a meeting with Ms. Tucker and Shelly Harris (a Sunrise official) and informed them of his legal problems, stating he could no longer continue acting as Ms. Tucker's attorney." Defendant's Reply, pg. 3.  If true, it is difficult to fathom how the defendant would not have been acting willfully when he continued to fill out and negotiate Ms. Tucker's checks even after he was found guilty by the jury.  At this juncture, one can only speculate how many other elderly persons are subject to the defendant's "clerical functions."

## Conclusion

For the reasons set forth in the foregoing and in the government's May 14, 2007 Motion for Bond Revocation, the government requests that defendant's bond be revoked.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____
JOHN GRIFFITH
DIANE LUCAS
ASSISTANT U.S. ATTORNEYS
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 353-2453